OPINION
{¶ 1} Defendant American and Foreign Insurance Company (AFIC) appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, which found plaintiffs Edward J. and Diane Warner are both insureds under the business auto policy furnished by defendant, and Edward J. Warner was entitled to coverage under the CGL policy, although his wife Diane was not. From this judgment, appellants assign seven errors to the trial court:
 {¶ 2} "UM Coverage should not be implied into the AFIC CGL Policy.
 {¶ 3} "Mr. Warner is not a CGL Insured.
 {¶ 4} "The Warners are not insureds under the AFIC Commercial Auto Policy and are not entitled to UM Coverage.
 {¶ 5} "The trial court erred in finding the Timken rejection to be ineffective.
 {¶ 6} "The trial court erred in not declaring plaintiffs are subject to the $1.5 million deductible in both AFIC Policies.
 {¶ 7} "The court erred in finding that a non-Ohio UM endorsement applies here.
 {¶ 8} "The trial court erred in not finding Timken to be self insured in the practical sense."
 {¶ 9} The facts which gave rise to this action are undisputed. On September 25, 2000, Edward Warner was driving to work in his own automobile. As he was driving west, defendant Christopher Bowersox, who is not a party to this appeal, was approaching, driving eastward. Bowersox tried to pass another vehicle, and struck Warner's vehicle head-on.
 {¶ 10} Appellee Edward Warner went on to work, but felt pain. At work, one of his co-workers noticed his right shoulder blade seemed odd. Mr. Warner's physician discovered Warner had injured his long thoracic nerve, which led to a winged scapula problem, which made his right shoulder blade stick out. Warner was off work for a period of time.
 {¶ 11} Appellee Edward Warner and his wife brought suit against the tortfeasor, AFIC, which insures Timken, Warner's employer, and State Farm, the Warner's auto insurance carrier.
 {¶ 12} In Westfield v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Ohio Supreme Court limited the holding inScott-Pontzer v. Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116 to situations where the employee is injured in the scope of employment or in a covered auto.
 {¶ 13} Edward Warner was in his own automobile on his way to work.
 {¶ 14} In Galatis, the Supreme Court overruled its prior decision in Ezawa v. Yasuda Fire Marine Insurance Co., 86 Ohio St.3d 557,1999-Ohio-124, 715 N.E.2d 1142. Ezawa had extended Scott-Pontzer coverage to family members of employees under certain circumstances.
 {¶ 15} Diane Warner is not covered under Timken Co.'s insurance policies.
 {¶ 16} In In re: Uninsured and Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888, the Ohio Supreme Court extended Galatis to encompass most fact patterns.
 {¶ 17} In light of the foregoing:
 {¶ 18} Assignments of error II and III are sustained.
 {¶ 19} I, IV, V, VI and VII are overruled as moot.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, and pursuant to App. R. 12 we enter final judgment in favor of appellants.
Gwin, P.J., Edwards, J., and Boggins, J., concur.