OPINION
{¶ 1} Plaintiff-appellant, Julius Stayden, appeals the decision of the Clermont County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Motorists Insurance Company.
 {¶ 2} On April 24, 1993, Stayden was involved in an automobile accident in which he sustained several injuries. At the time of the accident, Stayden was employed by Don Schnitzler dba Don's Auto Repair. When the accident occurred, Stayden was driving his own vehicle on his way to work. Don Schnitzler dba Don's Auto Repair was the named insured under a commercial automobile insurance policy with Motorists.
 {¶ 3} In March 2002, Stayden filed a complaint against Motorists seeking uninsured motorist benefits under its commercial automobile policy pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292. Motorists moved for summary judgment. On April 4, 2003, the trial court granted summary judgment in favor of Motorists. The trial court found that while Stayden qualified as an insured under the policy pursuant to Scott-Pontzer, he was not entitled to coverage because he was not operating a "covered auto" at the time of the accident. This appeal follows in which Stayden raises two assignments of error.
 {¶ 4} In his first assignment of error, Stayden argues that the trial court erred by granting summary judgment to Motorists on the ground he was not driving a "covered auto" at the time of the accident.
 {¶ 5} Civ.R. 56(C) provides that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. An appellate court's standard of review on appeal from summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296.
 {¶ 6} After Stayden filed his appeal in this case, the Ohio Supreme Court issued Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, in which it held: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 7} Motorists' commercial automobile policy names Don Schnitzler dba Don's Auto Repair as the sole insured. In a counterclaim for declaratory judgment, Motorists alleged that Stayden was not acting within the scope of his employment at the time of the accident. In his answer to Motorists' counterclaim, Stayden admitted Motorists' allegation, adding however that he was on his way to work at the time of the accident. It is well-established that an employee merely traveling to and from a fixed place of work is not acting in the course of his employment. See Kimble v. Pepsi-Cola General Bottlers (1995),103 Ohio App.3d 205. Because Stayden was in his own vehicle on his way to work, he is not entitled to coverage under Motorists' commercial automobile policy. Warner v. Bowersox, Stark App. No. 2003-CA-00070, 2003-Ohio-6872. Stayden's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, Stayden argues that the trial court erred by granting summary judgment to Motorists "because no argument was made, presented or offered for the court's consideration under the business auto coverage form."
 {¶ 9} Motorists' commercial automobile policy consisted of four coverage forms, to wit: the commercial property coverage form, the commercial crime coverage form, the commercial general liability coverage form, and the commercial garage coverage form. Stayden's assignment of error is based upon the Ohio Uninsured Motorist Coverage Endorsement which states: "For a `covered auto' licensed or principally garaged in * * * Ohio, this endorsement modifies insurance provided under the * * * BUSINESS AUTO COVERAGE FORM [and the] GARAGE COVERAGE FORM." Stayden apparently argues that even if he was not entitled to coverage under the commercial garage coverage form because he was not operating a "covered auto," the trial court did not make a similar finding with regard to the business auto coverage form and therefore, he is entitled to coverage under the business auto coverage form.
 {¶ 10} As Motorists aptly points out, Stayden's argument assumes a business auto coverage form exists under Motorists' policy. It does not. In addition, it is clear that the language used in the endorsement means that if a policy contains a garage coverage form, then the endorsement applies to it. Likewise, if a policy contains a business auto coverage form, then the endorsement applies to it. The endorsement cannot apply to a business auto coverage form that does not exist under the policy. Stayden's second assignment of error is overruled.
 {¶ 11} Judgment affirmed.
Powell and Walsh, JJ., concur.