KIMBLE et al., Appellants,

v.

PEPSI–COLA GENERAL BOTTLERS, Appellee.*

[Cite as *Kimble v. Pepsi–Cola Gen. Bottlers* (1995), 103 Ohio App.3d 205.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940169.

Decided May 3, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1409, 655 N.E.2d 187.

*Kondritzer, Gold, Frank & Crowley* and *James C. Crowley,* for appellants Vincent and Juanita Kimble.

*Kreiner & Peters Co., L.P.A.,* and *Charles T. Lester,* for intervening appellant Community Mutual Insurance Co.

*Lindhorst & Dreidame* and *William M. Cussen,* for appellee.

PAINTER, Judge.

This litigation arose out of an automobile accident involving an employee of the defendant-appellee, Pepsi–Cola General Bottlers ("Pepsi–Cola"), and Vincent and Juanita Kimble ("the Kimbles"). The Kimbles sued Pepsi–Cola for damages under a theory of *respondeat superior.* Both the Kimbles and Pepsi–Cola moved for summary judgment, and the trial court granted summary judgment to Pepsi–Cola. The Kimbles then moved for leave to add the employee, a Mr. Nolte, as a defendant, and the trial court denied the motion. The Kimbles assign as error both rulings of the trial court.

The Kimbles argue that as a matter of law Pepsi–Cola is liable as Nolte's employer for the injuries sustained by them in the accident. Their claim is based on the fact that Nolte was driving a company-owned car and was on his way to work at the time the accident occurred. The Kimbles would have us believe that because Pepsi–Cola required Nolte to operate the company vehicle, Nolte was continuously acting within the scope of his employment when operating the car, and that the requirement to use the company vehicle creates an exception to the well-established line of cases holding that mere travel to and from a fixed place of work does not constitute acting within the scope of employment. See *Senn v. Lackner* (1952), 157 Ohio St. 206, 47 O.O. 136, 105 N.E.2d 49; *Boch v. New York Life Ins. Co.* (1964), 175 Ohio St. 458, 26 O.O.2d 47, 196 N.E.2d 90; *Traveler's Fire Ins. Co. v. Louis G. Freeman Co.* (1957), 104 Ohio App. 226, 4 O.O.2d 382, 145 N.E.2d 217; see, generally, Annotation (1957), 52 A.L.R.2d 350, Section 3.

No such exception exists under Ohio law. We hold that the required operation of a company vehicle to and from a fixed site of employment is not,

without more, sufficient to hold the employer liable under a theory of *respondeat superior.* In *Senn v. Lackner, supra,* 157 Ohio St. 206, 47 O.O. 136, 105 N.E.2d 49, an employee was driving a company vehicle to work when he was involved in a collision. In affirming the court of appeals' reversal in favor of the defendant company, the Supreme Court of Ohio stated: "Part of the burden of the plaintiff was to adduce evidence tending to show that a half hour before his work was to begin, [the employee] was acting within the scope of his employment and that the right to control his conduct was in the [company]. The plaintiff failed to produce such proof. The single fact of the [company's] ownership of the automobile under these circumstances does not meet the test." *Id.* at 212, 47 O.O. at 138, 105 N.E.2d at 52. Thus, as a matter of law Pepsi–Cola is not liable for any negligence on the part of Nolte. The Kimbles' first assignment of error is overruled.

 In their second assignment of error, the Kimbles argue that they should be permitted to amend their complaint to include Nolte as a defendant. Since the applicable statute of limitations has passed, the Kimbles wish to utilize Civ.R. 15(C) in order to make the amendment "relate back" to the date of filing of the original complaint.[1] Civ.R. 15(C)(2) permits an amendment to relate back only where there was a mistake in the identity of the party originally named, and only where such amendment will not prejudice the party to be added; Civ.R. 15(C) is not to be used as a means to substitute one defendant for another in order to defeat a statute of limitations which has already run. *Beavercreek Local Schools v. Basic, Inc.* (1991), 71 Ohio App.3d 669, 595 N.E.2d 360; *Columbus Bd. of Edn. v. Armstrong World Industries, Inc.* (1993), 89 Ohio App.3d 846, 627 N.E.2d 1033.

The Kimbles were aware of Nolte's identity; he was named as the agent of Pepsi–Cola involved in the accident, and his deposition was taken for purposes of the lawsuit against Pepsi–Cola. The Kimbles chose to sue Pepsi–Cola and cannot now claim a mistake in identity when summary judgment was granted to Pepsi–Cola. The Kimbles' proposed amendment does not meet the prerequisites of Civ.R. 15(C)(2) and was properly denied. The Kimbles' second assignment of error is overruled.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and MARIANNA BROWN BETTMAN, J., concur.

---

1. Civ.R. 15(C) states: "An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment * * * (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."