OPINION
{¶ 1} Teresa L. Angel appeals the judgment of the Geauga County Court of Common Pleas, granting summary judgment to Allstate Insurance Company. Angel is *Page 2 
seeking uninsured/underinsured motorist coverage under a policy issued to her by Allstate. We reverse and remand.
 {¶ 2} June 14, 2001, Angel was injured when the vehicle in which she was a passenger struck another vehicle from behind in Cleveland, Ohio. The operator of the vehicle occupied by Angel was defendant, Eric Reed. Reed indicated on the police report of the accident that he had liability insurance with "Nationwide."
 {¶ 3} Angel had uninsured/underinsured motorist insurance with Allstate. According to the terms of the Allstate policy, an "uninsured auto" includes, "* * * a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident." The Allstate policy further provides that Allstate is not obligated to make any payments under the UM/UIM provisions of its policy, "* * * until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been fully and completely exhausted by payment of judgments or settlements." Finally, it provides, "[a]ny legal action against Allstate must be brought within two years of the date of the accident. No one may sue us under this coverage unless there is full compliance with all the policy terms and conditions." (Emphasis sic.)
 {¶ 4} May 16, 2003, Angel filed suit against Reed. March 4, 2004, Angel dismissed the suit, without prejudice, pursuant to Civ.R. 41(A)(1)(a).
 {¶ 5} May 2, 2004, counsel for Angel was informed by Nationwide that Reed's liability policy had been cancelled approximately three months prior to the accident involving Angel. July 30, 2004, Angel notified Allstate that she was making a claim for uninsured motorist benefits. *Page 3 
 {¶ 6} February 17, 2005, Angel again filed suit against Reed, including Allstate as an additional defendant. Allstate moved for summary judgment. August 26, 2005, the trial court granted Allstate's motion on the grounds that Angel failed to bring suit against Allstate within the contractual two-year limitations period following the accident.[1] The court further found that there was no just reason for delay. Angel timely appealed, raising one assignment of error:
 {¶ 7} "The trial court erred by granting summary judgment to Allstate because a valid two-year contractual limitation on filing suit for UM benefits can only be counted from the time the claim accrues."
 {¶ 8} Angel raises a number of arguments under her assignment of error, but the axis upon which this case revolves is simply whether the two year limitation period for bringing a cause of action for uninsured motorist benefits under the subject Allstate policy is enforceable under the facts in this case. We hold that it is not.
 {¶ 9} The legal basis for recovery of uninsured motorist benefits of an insurance policy is contract. Motorists Mut. Ins. Co. v.Tomanski (1971), 27 Ohio St.2d 222, 223. The limitations period for most written contracts, including insurance policies, is fifteen years. R.C.2305.06. "* * * [T]he parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one." Sarmiento v. Grange Mut. Cas.Co., 106 Ohio St.3d 403, 2005-Ohio-5410, at ¶ 11. *Page 4 
Generally, a contractual two-year limitation period for filing UM/UIM claims is reasonable and enforceable. Cf. Id., paragraph one of the syllabus.
 {¶ 10} However, "[t]he validity of a contractual period of limitations governing a civil action brought pursuant to the contract is contingent upon the commencement of the limitations period on the date that the right of action arising from the contractual obligation accrues."Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, paragraph two of the syllabus. For purposes of this case, therefore, the question presented is: "when did Angel's cause of action for uninsured motorist benefits accrue?" To find the two year limitation period in the subject Allstate policy valid requires finding that the cause of action for uninsured motorist benefits accrued on the date of the accident. InKraly, the Supreme Court stated, in dicta, that if a tortfeasor was uninsured on the date of the accident, then the cause of action for uninsured motorist benefits accrued on that date. Id. at 633. Accepting this view, the grant of summary judgment to Allstate herein was correct, since the tortfeasor, Reed, had been uninsured for some three months prior to the accident.
 {¶ 11} Kraly is distinguishable on this point. The Kraly court was merely distinguishing its prior decisions in Colvin v. Globe AmericanCas. Co. (1982), 69 Ohio St.2d 293; and Duriak v. Globe American Cas.Co. (1986), 28 Ohio St.3d 70. Kraly at 633. Nothing in Colvin orDuriak indicates that the contractual issues we believe prevented accrual of the uninsured claim at the time of the accident in this case were fully presented or considered in those cases. Thus, inColvin, it was clear that the uninsured status of the alleged tortfeasor was at issue well within the contractual limitation period. Id. at 296. In this case, it was not. *Page 5 
 {¶ 12} Since an uninsured motorist claim arises in contract, courts must look to the provisions of the contract to determine when a cause of action accrues. The subject Allstate contract imposes various legitimate conditions precedent to an uninsured motorist claim, all of which must be fulfilled prior to the claim's ripening. In particular, it requires a determination that the claim arose from the use of a vehicle without insurance coverage. In this case, the tortfeasor, Reed, informed the police at the time of the accident that he was insured with Nationwide. The record indicates that Angel vigorously pursued her claim against Reed, but without success, seven attempts at service having failed by the time summary judgment was granted Allstate. It was only on May 2, 2004 — almost one year following the filing of the original action in this case and nearly three years following the accident — that Nationwide informed Angel's attorney that Reed was uninsured.
 {¶ 13} In sum, Angel had every reason to believe the tortfeasor was insured, and made every reasonable effort to sue and serve him within the two year period required for personal injury claims — and the Allstate uninsured coverage. Due to Reed's success in avoiding service, it was essentially impossible for Angel to discover his uninsured status within that two year period. A contractual limitation period cannot be used to void a valid condition precedent to uninsured motorist coverage: a determination that the tortfeasor is uninsured. This is black letter contract law.
 {¶ 14} Consequently, we hold that a cause of action for uninsured motorist benefits accrues when the injured party knows, or has reason to know, with the exercise of due diligence, that the tortfeasor was uninsured.
 {¶ 15} The sole assignment of error is with merit. *Page 6 
 {¶ 16} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is reversed, and this matter remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, J., concurs,
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
[1] This court notes that Allstate has maintained this particular interpretation of its policy language throughout the state, and denied payment on first party UM/UIM claims as a consequence. Due to varying appellate decisions, some claims have, ultimately, been paid, others not.