ANGEL, APPELLEE, *v.* REED ET AL.; ALLSTATE
INSURANCE COMPANY, APPELLANT.

[Cite as *Angel v. Reed,* 119 Ohio St.3d 73, 2008-Ohio-3193.]

(No. 2007–0758—Submitted March 25, 2008—Decided July 3, 2008.)

MOYER, C.J.

{¶ 1} Appellant, Allstate Insurance Company, appeals from the judgment of the Geauga County Court of Appeals, which reversed the trial court's grant of summary judgment in its favor. For the following reasons, we reverse the court of appeals.

{¶ 2} Appellee, Teresa L. Angel, was injured in a motor vehicle accident caused by the negligence of Eric J. Reed in June 2001. Appellee was a passenger in Reed's vehicle. Reed indicated on the police report that he had liability insurance with Nationwide Insurance Company. In fact, Reed's policy with Nationwide had been canceled about three months prior to the accident. At the time of the accident, appellee had uninsured/underinsured-motorist insurance with appellant Allstate.

{¶ 3} According to the terms of the Allstate policy, "an uninsured auto" includes "a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident." The Allstate policy states that Allstate is not obligated to make payments under the uninsured/underinsured-motorist provisions of the policy "until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been fully and completely exhausted by payment of judgments or settlements." Further, the Allstate policy states that "[a]ny legal action against Allstate *must be brought within two years of the date of the accident.* No one may sue us under this coverage unless there is full compliance with all the policy terms and conditions." (Emphasis added.)

{¶ 4} Appellee filed suit against Reed in May 2003 and later dismissed the suit without prejudice. In May 2004, appellee discovered that Reed's liability policy with Nationwide had been canceled prior to the accident. In July 2004, appellee notified appellant that she was making a claim for uninsured-motorist benefits.

{¶ 5} In 2005, appellee filed suit against Reed, including appellant as an additional defendant. The trial court granted appellant's motion for summary judgment, noting that appellee had received the benefit of the full two years in which to bring her uninsured-motorist claim and had failed to bring her claim against appellant during that time.

{¶ 6} In appellee's appeal, she argued that the two-year contractual limitation period for filing suit for uninsured-motorist benefits in the Allstate policy does not begin to run until the claim accrues. Though the accident occurred in June 2001, appellee argued that her claim did not accrue until she learned in May 2004 that Reed did not have a valid insurance policy from Nationwide.

{¶ 7} In a split decision, a majority of the court of appeals agreed with appellee and held that, based on the facts of this case, the two-year limitation period for bringing a cause of action for uninsured-motorist benefits was unenforceable. *Angel v. Reed*, Geauga App. No. 2005–G–2669, 2007-Ohio-1069, 2007 WL 726893, ¶ 8. The court of appeals determined that because Reed avoided service several times, it was "essentially impossible" for appellee to discover Reed's uninsured status within the two-year period. Id. at ¶ 13. The court concluded that "a cause of action for uninsured motorist benefits accrues when the injured party knows, or has reason to know, with the exercise of due diligence, that the tortfeasor was uninsured." Id. at ¶ 14.

{¶ 8} The dissenting judge argued that appellee's claim against Allstate was time-barred. Id. at ¶ 21 (Grendell, J., dissenting). The Allstate policy expressly states that a policyholder has two years from the date of an accident to bring legal action for uninsured-motorist benefits against Allstate. The dissent concluded that appellee did not file a claim against Allstate within two years of the accident, which is the proper accrual date; therefore, summary judgment in favor of Allstate was proper.

{¶ 9} This cause is before us upon our acceptance of a discretionary appeal.

{¶ 10} " 'This court has previously stated that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort.' " *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 632, 635 N.E.2d 323, quoting *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 295–296, 23 O.O.3d 281, 432 N.E.2d 167, overruled on other grounds, *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 624, 635 N.E.2d 317.

{¶ 11} "In Ohio, the statutory limitation period for a written contract is 15 years. * * * However, the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one. A contract provision that reduces the time provided in the statute of limitations must be in words that are clear and unambiguous to the policyholder." (Citations omitted.) *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, at ¶ 11, citing *Colvin*, 69 Ohio St.2d at 296, 23 O.O.3d 281, 432 N.E.2d 167.

{¶ 12} We noted in *Miller* that a two-year limitation period would be a "reasonable and appropriate" period of time in which to require an insured who has suffered bodily injury to commence an action under the uninsured/underinsured-motorist provisions of an insurance policy. 69 Ohio St.3d at 625, 635 N.E.2d 317; *Sarmiento*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, at ¶ 16.

{¶ 13} Our precedent controls, and the two-year limitation period in the Allstate policy is enforceable.

{¶ 14} We next determine when the two-year limitation period began to run. Appellant argues that a cause of action for uninsured-motorist benefits accrues on the date of the accident caused by the uninsured tortfeasor. The appellee argues that the claim did not accrue until she discovered that Reed was uninsured.

{¶ 15} The Allstate policy states that an "uninsured auto" is an automobile that does not have an insurance policy in effect at the time of the accident and that "[a]ny legal action against Allstate *must be brought within two years of the date of the accident.*" (Emphasis added.) Despite Reed's representation that he was insured on the day of the motor vehicle accident, his policy had been canceled three months earlier, and as a result, he was uninsured. Based on the express language in the Allstate policy, appellee had two years from the date of the accident to file her uninsured-motorist claim with Allstate.

{¶ 16} Appellee argues that she tried repeatedly to serve Reed, but she was unsuccessful each time, that she therefore had no way of knowing that Reed was uninsured, and that the two-year limitation period in her Allstate policy could not begin to run until she learned of Reed's uninsured status.

{¶ 17} We agree with the dissenting judge in the court of appeals, who stated: "[T]he majority alleges that it was 'virtually impossible for * * * Angel to discover [Reed's] uninsured status within [the] two year period.' On the contrary, all that was necessary to determine Reed's insurance status was to contact Nationwide. There is no reason why it should have taken Angel three years to realize Reed was uninsured." *Angel v. Reed*, Geauga App. No. 2005–G–2669, 2007-Ohio-1069, 2007 WL 726893, at ¶ 27 (Grendell, J., dissenting).

{¶ 18} Appellee further argues that our opinion in *Kraly v. Vannewkirk* controls the outcome of this case. In *Kraly*, we considered a claim for uninsured-motorist coverage in which the tortfeasor had a valid liability policy at the time of the accident, but the liability carrier subsequently became insolvent, rendering the coverage ineffective. We held that in such a case, the right of action for uninsured-motorist benefits accrues on the date the insured receives notice of the insolvency. Id., 69 Ohio St.3d 627, 635 N.E.2d 323, paragraph three of the syllabus. In that unique factual situation, we differentiated between the standard situation of an uninsured-motorist claim involving a tortfeasor with no insurance at the time of the accident and the situation in *Kraly*, in which an insured motorist subsequently became uninsured, for all practical purposes, due to the insurer's insolvency.

{¶ 19} Unlike *Kraly*, this case presents a standard uninsured-motorist claim in which the tortfeasor was uninsured at the time of the accident. No subsequent event rendered Reed uninsured; he already was uninsured. Consistency with precedent requires the application of the unambiguous language in the Allstate policy. Appellee failed to make her uninsured-motorist claim within the limitations period designated in the Allstate policy. We reverse the decision of the court of appeals and reinstate the trial court's summary judgment order in favor of appellant.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Elk & Elk Co., Ltd., Martin S. Delahunty III, Peter D. Traska, and John W. Gold, for appellee.

Williams, Moliterno & Scully Co., L.P.A., Perrin I. Sah, and Phillip C. Kosla, for appellant.