[Cite as *Pottorf v. Sell*, 2009-Ohio-2819.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY


SHERRY Y. POTTORF, ET AL.,

    PLAINTIFFS-APPELLANTS,        CASE NO. 17-08-30

    v.

TRACY L. SELL, ET AL.,            O P I N I O N

    DEFENDANTS-APPELLEES.


Appeal from Shelby County Common Pleas Court
Trial Court No. 07 CV 00224

**Judgment Affirmed**

Date of Decision:   June 15, 2009


APPEARANCES:

    *Richard S. Davis*  for Appellants

    *Edward T. Mohler*  for Appellees

**SHAW, J.**

{¶1} Plaintiffs-Appellants Sherry and Douglas Pottorf appeal from the November 10, 2008 judgment of the Court of Common Pleas of Shelby County, Ohio, granting summary judgment in favor of Defendant-Appellee Nationwide Mutual Fire Insurance Company ("Nationwide").

{¶2} Appellant Sherry Pottorf was injured in a motor vehicle accident caused by the negligence of Defendant Tracy Sell ("Sell") on July 19, 2005. At the time of the accident, Pottorf had uninsured/underinsured-motorist ("UM/UIM") coverage with Nationwide. She also had medical payments coverage through the same policy. Sell had liability insurance through American Family Insurance Company with a policy limit of $50,000.00, at the time of the accident. In July of 2006, Nationwide paid $20,000.00 to Sherry Pottorf for the injuries she sustained as a result of the accident.

{¶3} On July 18, 2007, Sherry Pottorf and her husband, Douglas, filed a complaint in the Shelby County Court of Common Pleas, naming Sell as the sole defendant. In the complaint, the Pottorfs claimed damages in excess of $150,000.00. The matter proceeded to mediation in June of 2008, and a pre-trial scheduling conference was had on July 16, 2008. The trial court set a final pre-trial date and jury trial date for later in the year. On August 26, 2008, an agreed judgment entry was filed, permitting the Pottorfs to file an amended complaint.

That same date, the Pottorfs filed an amended complaint. In addition to naming Sell as a defendant, the amended complaint also named Nationwide as a defendant based upon the UM/UIM provision of the Pottorfs' insurance policy. On September 26, 2008, Nationwide filed a motion for summary judgment based upon a provision in the insurance policy it issued to the Pottorfs, which stated:

> **No lawsuit may be filed against us by anyone claiming any of the coverages provided in this policy until the said person has fully complied with all the terms and conditions of this policy . . . under the Uninsured Motorists coverage of this policy, any lawsuit must be filed against us: a) within three (3) years from the date of the accident[.]**

{¶4} The Pottorfs timely responded on October 24, 2008, and Nationwide filed a reply to that response on October 31, 2008. The trial court granted summary judgment in favor of Nationwide on November 10, 2008. This judgment was certified as a final appealable order pursuant to Civ.R. 54(B) on November 21, 2008.

{¶5} The Pottorfs now appeal, asserting one assignment of error.

> **THE TRIAL COURT ERRED IN GRANTING APPELLEE'** [*sic*] **MOTION FOR SUMMARY JUDGMENT AS IS** [*sic*] **DID NOT APPLY THE PROPER STANDARD FOR DECIDING A MOTION FOR SUMMARY JUDGMENT; IT DID NOT APPLY THE PROVISION OF CIVIL RULE 15, NOR WAS APPELLANT PROVIDED AN OPPORTUNITY TO DEMONSTRATE THE UNFAIR AND DECEPTIVE PRACTICES OF APPELLEE.**

**{¶6}** An appellate court reviews a grant of summary judgment independently, without any deference to the trial court. *Conley-Slowinski v. Superior Spinning & Stamping Co.* (1998), 128 Ohio App.3d 360, 363, 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. *Hasenfratz v. Warnement*, 3rd Dist. No. 1-06-03, 2006 Ohio 2797, citing *Lorain Nat'l. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 572 N.E.2d 198. A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); see *Horton v. Harwick Chem. Corp*. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.

**{¶7}** The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d

264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R. 56(E). In ruling on a summary judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences, rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party. *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653.

{¶8} On appeal, the Pottorfs argue that the trial court erred in granting summary judgment in favor of Nationwide for three reasons. First, they maintain that genuine issues of material fact exist. Second, the Pottorfs assert that they filed suit within the required three-year time period because of the "relation back" provision in Civ.R. 15(C), which involves amending a complaint. Lastly, the Pottorfs contend that summary judgment was improper because the trial court should have held a hearing to determine whether the contractual limitations period was void due to unfair or deceptive practices and/or provisions by Nationwide.

{¶9} Initially, we note that there appears to be no dispute that Sell was negligent, causing the accident. Nor does there appear to be any dispute that the Pottorfs had a valid insurance policy with Nationwide on the date of the accident, which included UM/UIM coverage, and that Sherry Pottorf's physical injuries

totaled at least $20,000.00, as evidenced by the subrogation claim made by Nationwide to Sell's insurer. In addition, the parties do not dispute that the Pottorfs' policy with Nationwide limited the time to bring suit against Nationwide to three years from the date of the accident.

*Claimed Issues of Material Fact as to the Application of the*
*Three-Year Period to the Circumstances of This Case*

**{¶10}** The Supreme Court has repeatedly held that "'the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort.'" *Angel v. Reed*, 119 Ohio St.3d 73, 2008 Ohio 3193, 891 N.E.2d 1179, at ¶ 10, quoting *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 632, 635 N.E.2d 323 (other citations omitted). Ordinarily, causes of action based on contracts have a fifteen year statutory time limitation. *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 624, 1994 Ohio 160, 635 N.E.2d 317. "However, the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one." Id.

**{¶11}** In *Miller*, the Court found that a two-year limitation period was a "'reasonable and appropriate' period of time in which to require an insured who has suffered bodily injury to commence an action under the uninsured/underinsured-motorist provisions of an insurance policy." *Angel*, 2008

Ohio 3193, at ¶ 12, quoting *Miller*, 69 Ohio St.3d at 625, 635 N.E.2d 317. This same time limitation in an insurance contract with an UM/UIM provision was once again found valid in *Angel*. *Angel*, 2008 Ohio 3193, at ¶ 13. Additionally, R.C. 3937.18(H) permits a policy of insurance that includes UM/UIM coverage to include a limitations period of three years from the date of the accident within which to bring suit under a UM/UIM provision.

{¶12} In the case sub judice, the policy states that any suit filed against Nationwide under the uninsured motorist provision, which also includes underinsured motorist coverage, must be brought within three years from the date of the accident. In light of *Angel*, *Miller*, and R.C. 3937.18(H), the Nationwide policy appears to be a reasonable and appropriate period. Thus, pursuant to the terms of the contract, the suit against Nationwide should have been brought within three years from the accident, i.e. by July 19, 2008.

{¶13} Nevertheless, the Pottorfs maintain that they did not know the policy limits of Sell's liability coverage until the court-ordered mediation was held in June of 2008. Accordingly, they claim they were unaware that they would need to make a claim under their UM/UIM provision until such time, which is why their suit against Nationwide was not filed until after they learned of Sell's policy limits. As a result, the Pottorfs claim these circumstances tolled the running of the three-year period until the discovery of the relevant information in June of 2008,

or at the least, these circumstances create a genuine issue of material fact as to when the three-year period should have commenced.

**{¶14}** However, the Ohio Supreme Court rejected a similar argument in *Angel*. See *Angel*, 2008 Ohio 3193, at ¶ 17-19. In *Angel*, the tortfeasor, Reed, reported that he had liability insurance, but after three years, the plaintiff discovered Reed's policy was cancelled three months before the accident. Id. at ¶¶ 2, 16. The plaintiff argued that she had no way of knowing that Reed did not have insurance and that the two-year limitation period in her uninsured motorist coverage could not begin to run until she learned of his status. Id. at ¶ 16. The Court rejected this contention, noting that "'all that was necessary to determine Reed's insurance status was to contact Nationwide. There is no reason why it should have taken Angel three years to realize Reed was uninsured.'" Id. at ¶ 17, quoting *Angel v. Reed*, Geauga App. No. 2005-G-2669, 2007 Ohio 1069, at ¶ 27 (Grendell, J., dissenting).

**{¶15}** The same is true for the Pottorfs. At any time Sell's insurance company could have been contacted to determine the policy limits. In addition, the mechanisms in the discovery portions of the Civil Rules could have been utilized to determine Sell's liability coverage, if any. To the contrary, the record is devoid of any interrogatories, requests for admissions, and/or requests for production of documents, whereby a copy of Sell's insurance policy could have

been obtained and any limits thereon ascertained. Therefore, there is no genuine issue of material fact as to whether there should be a deviation in the date of filing against Nationwide to some date other than that of the accident, July 19, 2005, as the contract requires. See *Angel*, 2008 Ohio 3193, at ¶ 19.

*Relation Back under Civil Rule 15(C)*

{¶16} The next question is whether the amendment of the Pottorfs' complaint on August 26, 2008, relates back to the original date of the filing of the complaint on July 18, 2007. If it does, then the suit against Nationwide would have been deemed commenced within the three-year limitations period and summary judgment would have been inappropriate.

{¶17} Civil Rule 15 governs the amendment of a complaint. Specifically, Civ.R. 15(A), in relevant part, allows a party to amend a complaint only by leave of court or by written consent of the adverse party. This Rule also allows claims and defenses based upon the same conduct, transaction, or occurrence of the original pleading to relate back to the date of the original pleading. Civ.R. 15(C). However,

> **[a]n amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake**

> **concerning the identity of the proper party, the action would have been brought against him.**

Id. Various courts have held that "Civ.R. 15(C)(2) permits an amendment to relate back only where there was a mistake in the identity of the party originally named[.]" *Kimble v. Pepsi-Cola General Bottlers* (1st Dist. 1995), 103 Ohio App.3d 205, 207, 658 N.E.2d 1135; *Beavercreek Local Schools v. Basic, Inc.* (2nd Dist. 1991), 71 Ohio App.3d 669, 690, 595 N.E.2d 360; *Columbus Bd. of Edn. v. Armstrong World Industries, Inc.* (10th Dist. 1993), 89 Ohio App.3d 846, 855, 627 N.E.2d 1033; see also *Maloney v. Callahan* (1933), 127 Ohio St. 387, 188 N.E. 656. "A mistake of party does not exist merely because a 'party who may be liable for conduct alleged in the original complaint was omitted as a party defendant.'" *Beavercreek Local Schools*, 71 Ohio App.3d at 690, quoting *Jenkins v. Carruth* (E.D. Tenn.1982), 583 F.Supp. 613, 615-616.

{¶18} In this case, the parties do not dispute that the Pottorfs' amended complaint satisfied the first requirement that it arise out of the same conduct, transaction, or occurrence as the original complaint. Further, when construing the evidence in a light most favorable to the Pottorfs, Nationwide received notice of the institution of the action prior to the expiration of the three-year limitations period.

**{¶19}** More specifically, the Pottorfs submitted a letter from their attorney to Nationwide, dated June 20, 2008, which informed the company of the suit the Pottorfs filed against Sell, Sell's policy limits, and their claim under the UM/UIM coverage of the Nationwide policy. Receipt of this letter was acknowledged in a letter from Nationwide Representative Kristie Eilerman, dated July 9, 2008. Additionally, there is nothing in the record to indicate that Nationwide would be prejudiced in maintaining a defense on the merits. Thus, the second requirement is satisfied when construed in a light most favorable to the Pottorfs.

**{¶20}** Nevertheless, the "relation back" theory fails on the third requirement. The Pottorfs do not contend that their original complaint contained a misnomer or that they made a mistake as to the identity of the proper party. Rather, they assert that they did not know Sell's policy limitations and that they would need to make a claim for UM/UIM coverage. This circumstance is not the kind of problem Civ.R. 15(C) was created to remedy. See *Andre v. Chillicothe Jeep Sales, Inc.* (Dec. 8, 1983), 10th Dist. No. 83AP-780, 1983 WL 3814.

**{¶21}** The Pottorfs were aware of their UM/UIM coverage with Nationwide. They also filed their original complaint against Sells an entire year prior to the expiration of the contractual limitations period in their Nationwide policy, which gave them ample opportunity to ascertain what, if any, and how much insurance coverage Sells had. Lastly, the Pottorfs did not file a motion for

leave of court to amend the complaint once counsel for the Pottorfs learned of Sell's policy limits in June of 2008. Rather, they sought an agreement by Sell to amend, which was not filed until August 26, 2008.

**{¶22}** In any event, there was no mistake in identity as to the proper party to sue as provided for in Civ.R. 15(C). Therefore, we must conclude that the Pottorfs did not meet the requirements of Civ.R.15(C) in order for the amended complaint to relate back as to Nationwide.

*Claimed "Unconscionability" of the Three-Year Contract Provision*

**{¶23}** Lastly, the Pottorfs assert that summary judgment was improper without first addressing whether the limitations period in the policy with Nationwide was void due to the unfair or deceptive practices and/or provisions by Nationwide. In support, the Pottorfs maintain that the limitations period for suit to invoke the UM/UIM coverage in the policy is in a portion separate from the UM/UIM provisions, which is a deceptive and unfair act. More particularly, they contend that the UM/UIM portion of the policy appears to be complete and thus creates the impression that following that section alone is all an insured needs to do in order to make a claim.

**{¶24}** Notably, the Pottorfs failed to raise this issue in its response to Nationwide's summary judgment motion in the trial court. "A party's failure to raise an issue in response to an adverse party's motion for summary judgment

waives that issue for purposes of an appeal." *Minster Farmers Coop. Exch. Co. v. Meyer*, 3rd Dist. No. 17-08-31, 2009 Ohio 1445, at ¶ 22, citing *Grieshop v. Hoyng*, 3rd Dist. No. 10-06-27, 2007 Ohio 2861, at ¶ 36, citing *Hood v. Rose*, 153 Ohio App.3d 199, 2003 Ohio 3268, 792 N.E.2d 736, at ¶¶ 9-11. Therefore, this issue is not properly before this Court. However, we note that upon reviewing the policy, we are not convinced the Pottorfs would prevail on this issue.

{¶25} The policy contains a Table of Contents immediately following the declarations page and two endorsements. There are four areas of coverage listed in this table, including "Uninsured Motorists" coverage, pages U1-U5. Immediately thereafter is a section entitled "General Policy Conditions." Included in this list is a sub-section entitled "Suit Against Us" at page G3, which is located three pages after the UM coverage section. As previously noted, this sub-section states:

### 10. SUIT AGAINST US

No lawsuit may be filed against **us** by anyone claiming any of the coverages provided in this policy until the said person has fully complied with all the terms and conditions of this policy, including but not limited to the protection of **our** subrogation rights.

Subject to the preceding paragraph, under the Uninsured Motorists coverage of this policy, any lawsuit must be filed against **us**:

(a)   within three (3) years from the date of the accident; or

(b)   within one (1) year after the Liability insurer for the owner or operator of the **motor vehicle** liable to the insured has become the subject of insolvency proceedings in any state;

whichever is later.

**{¶26}** This language is substantially similar to the policy provisions found to be valid by the Ohio Supreme Court in *Angel*, supra, and *Miller*, supra.  Further, the words used are clear and unambiguous as required to limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract.  See *Angel*, 2008 Ohio 3193, at ¶ 11, citing *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005 Ohio 5410, 835 N.E.2d 692, at ¶ 11.  Moreover, the three year limitations period has been expressly endorsed by the Ohio General Assembly in enacting R.C. 3937.18(H). Thus, the court did not err in failing to have a hearing on this matter.

**{¶27}** Accordingly, we find that the trial court did not err in granting summary judgment in favor of Nationwide.  Therefore, the Pottorfs' sole assignment of error is overruled, and the November 10, 2008 Judgment Entry of the Shelby County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**