**WILSON, Appellant,**

v.

**OHIO CASUALTY INSURANCE COMPANY, Appellee.**

[Cite as *Wilson v. Ohio Cas. Ins. Co.*, 185 Ohio App.3d 276, 2009-Ohio-6798.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090257.

Decided Dec. 24, 2009.

Clements, Mahin & Cohen, L.P.A., Co. and Edward Cohen, for appellant.

Eric L. Dauber, for appellee.

HILDEBRANDT, Presiding Judge.

{¶ 1} Plaintiff-appellant, Joseph Wilson, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Ohio Casualty Insurance Company, in a declaratory-judgment action.

{¶ 2} On July 29, 2002, Wilson was driving a vehicle for his employer, D & E Electric, Inc., when he was injured in a collision with Donte Howard. D & E had a policy with Ohio Casualty that included coverage for damages caused by uninsured and underinsured motorists ("UM/UIM"). It was undisputed that Wilson was an insured under the policy's UM/UIM provisions.

{¶ 3} On January 3, 2007, Ohio Casualty sent Wilson's attorney a letter acknowledging that Wilson was pursuing a UM/UIM claim. The letter stated that Ohio Casualty had been made aware of Wilson's injuries on August 12, 2002, but that the company had been "advised that our insured's employee, Mr. Wilson, was proceeding through the Ohio Bureau of Worker's Compensation and would not be pursuing a claim against D & E Electric's Business Auto policy." Despite its knowledge of Wilson's injures, Ohio Casualty had never provided him with a copy of the D & E Electric policy and had not informed him of any time-limitation clauses in the policy.

{¶ 4} On July 22, 2008, Wilson filed a complaint seeking a declaration that he was entitled to coverage under the Ohio Casualty policy. Ohio Casualty asserted that Wilson's claim was barred by a clause in the policy requiring an insured to assert a claim for UM/UIM coverage within three years of an occurrence.

{¶ 5} The trial court entered summary judgment in favor of Ohio Casualty, stating that there was "no reason why it should have taken Mr. Wilson nearly six years to determine if his employer had UM/UIM insurance."

{¶ 6} In his sole assignment of error, Wilson now argues that the trial court erred in granting Ohio Casualty's motion for summary judgment. Specifically, he argues that the court erred in enforcing the policy's three-year limitation period for UM/UIM claims, because Ohio Casualty had not informed him of the limitation.

{¶ 7} Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is

adverse to that party.[1]  This court reviews the granting of summary judgment de novo.[2]

{¶ 8} In general, a claim based on a written contract must be asserted within 15 years.[3]  But under R.C. 3937.18(H), a policy for UM/UIM coverage may shorten the limitations period to as little as three years.

{¶ 9} The Tenth Appellate District addressed the enforceability of a contractual limitations period in *Midwest Allergy Assoc., Inc. v. Cincinnati Ins. Co.*[4]  In *Midwest*, the insured had been denied coverage for property damage based on a 12–month limitations period contained in the policy.  The insured had informed the insurer of its claim and had sought a copy of the policy within the 12–month period, but the insurance company had provided only a portion of the policy, omitting the limitations clause.

{¶ 10} In reversing the judgment against the insured, the *Midwest* court held that it was incumbent upon the insurer to establish the enforceability of a limitations clause and that it could not enforce such a clause when the insured had not been provided with notice that the clause was part of the policy.[5]  In holding that the limitations clause was unenforceable, the court stated that "[i]t would be unconscionable to permit an insurance company to enforce a limitation clause contained in the standard form of their policy against an insured who did not specifically bargain for the clause and who never had an opportunity to become aware of the clause until after the limitation period had expired." [6]

{¶ 11} We find the reasoning in *Midwest* to be persuasive.  An insurer owes an insured a duty of good faith,[7] and if the insurer simply remains silent about a limitations period in the face of a potential claim, it violates that duty.  And Ohio Casualty's stated assumption that Wilson would forgo any UM/UIM claim in favor of a claim under the workers' compensation system did not relieve

---

1.  See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

2.  *Jorg v. Cincinnati Black United Front*, 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, ¶ 6.

3.  R.C. 2305.06.

4.  *Midwest Allergy Assoc., Inc. v. Cincinnati Ins. Co.* (June 16, 1983), 10th Dist. No. 82AP–970, 1983 WL 3568.

5.  Id.

6.  Id.  See also *Grange Mut. Ins. Co. v. Nafziger* (Apr. 17, 1992), 6th Dist No. 91FU000006, 1992 WL 80539 (contractual limitations period is to be strictly construed against the insurer and will not be enforced if it is ambiguous, unreasonable, or contrary to public policy).

7.  See *Walter v. Allstate Ins. Co.* (Apr. 10, 1997), 5th Dist. No. 96–CA–84, 1997 WL 219229.

it of its duty of good faith; only with full knowledge of his options could Wilson rationally have chosen among his available remedies.

{¶ 12} Ohio Casualty cites *Angel v. Reed*[8] for the proposition that the onus is on the insured to inquire about the limitations period for UM/UIM coverage. In *Angel*, the tortfeasor had misled the plaintiff, claiming that he had been insured under a policy with Nationwide Insurance Company.[9] Upon discovering that the tortfeasor had not been insured, the plaintiff filed a UM/UIM claim under her own policy with Allstate Insurance Company.[10]

{¶ 13} Although the UM/UIM claim with Allstate had been filed beyond the contractual limitation period, the plaintiff claimed that she had been unaware that the tortfeasor had been an uninsured motorist. She argued that the limitations period in the Allstate policy should therefore have been tolled.[11] The Supreme Court of Ohio rejected that argument, holding that it had been the insured's duty to inquire of the *tortfeasor's* insurer whether the tortfeasor had been insured.[12]

{¶ 14} *Angel* is distinguishable from the case at bar. In *Angel*, the issue was whether the insured had a duty to inquire of the tortfeasor's purported insurer about the tortfeasor's status. The case did not address whether the insured had a duty to inquire about a limitation period that was included in the insured's policy itself.

{¶ 15} Furthermore, the insurer in *Angel* had not been aware of the plaintiff's UM/UIM claim within the contractual limitations period. In this case, Ohio Casualty was aware of Wilson's potential claim but did not inform him of the limitations period until after it had expired. Accordingly, the holding in *Angel* is inapposite.

{¶ 16} Ohio Casualty nonetheless argues that the notice requirement should apply only to the policyholder itself and not to a third-party beneficiary such as Wilson. But to restrict the notice requirement to the policyholder itself would be to ignore the contractual duty that the insurer owes to insureds other than the policyholder. Moreover, the policyholder, as a signatory to the insurance policy, would in most cases have notice of the limitations period without having to be specifically alerted to the provision by the insurer.

---

8. *Angel v. Reed,* 119 Ohio St.3d 73, 2008-Ohio-3193, 891 N.E.2d 1179, motion for reconsideration, 119 Ohio St.3d 1450, 2008-Ohio-4487, 893 N.E.2d 519.

9. Id. at ¶ 2.

10. Id. at ¶ 4

11. Id. at ¶ 6.

12. Id. at ¶ 17.

{¶ 17} And while Ohio Casualty argues that it would be unduly burdensome to inform every insured of the shortened limitations period, our holding does not reach that far. Only when the insurer is notified that the insured has a claim under the UM/UIM provisions of a policy must the insurer inform the insured of the limitations period.

{¶ 18} Accordingly, we hold that where the insurer has been made aware that an insured has a potential claim under a policy providing UM/UIM coverage, the insurer must inform the insured of any applicable limitations period contained in the policy. The insurer's duty may be fulfilled by providing the insured with a copy of the policy or by other means reasonably calculated to apprise the insured of his rights under the policy. Unless the insurer fulfills that duty, the contractual limitations period is unenforceable. We emphasize that our holding is limited to the specific factual situation presented in this case.

{¶ 19} The assignment of error is sustained. We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

CUNNINGHAM and DINKELACKER, JJ., concur.