[Cite as *Hatfield v. Whisman*, 2016-Ohio-7597.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| Jason Hatfield, et al., | : | Case No. 16CA3738 |
| Plaintiffs-Appellants, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Melissa Whisman, et al., | : | RELEASED: 10/31/16 |
| Defendants-Appellees | : | |

APPEARANCES:

Michael H. Mearan, Portsmouth, Ohio, for appellants.

Stuart A. Keller, David A. Goldstein Co., L.P.A., Columbus, Ohio, for appellee, Safe Auto Insurance Company.

Harsha, J.

{¶1}    Jason Hatfield and Carrie Gerald appeal from a summary judgment entered in favor of Hatfield's automobile insurance company, Safe Auto Insurance Company ("Safe Auto"), on their suit for uninsured-motorist coverage. In rendering the judgment the trial court relied upon the policy's two-year limitation period to bring an action.  The accident in which Hatfield and Gerald were injured by an uninsured motorist occurred in October 2007, but they did not bring an action against Safe Auto to collect on the uninsured-motorist provision of their policy until May 2015.

{¶2}    In their sole assignment of error Hatfield and Gerald assert that the trial court erred in granting Safe Auto's motion for summary judgment without considering whether the two-year limitation in the uninsured-motorist clause was unconscionable. We reject their assertion because courts have uniformly held that a two-year limitation period is a reasonable and appropriate period of time in which to require an insured who

has suffered bodily injury to commence an action under the uninsured/underinsured-motorist provisions of an insurance policy. Moreover, the trial court did not violate R.C. 1302.15(B) by entering summary judgment in favor of Safe Auto because the court afforded the parties a reasonable opportunity to present pertinent evidence on the issue, and Hatfield and Gerald failed to introduce summary-judgment evidence that the two-year limitation was unconscionable.

{¶3} The trial court properly granted summary judgment in favor of Safe Auto; we affirm that judgment.

## I. FACTS

{¶4} In October 2007, Jason Hatfield was operating his Pontiac Grand Prix automobile with Carrie Gerald and his son, Aaron, riding as passengers in the car. According to Hatfield and Gerald, Melissa Whisman negligently operated a car owned by another person and collided with Hatfield's car, causing them to suffer personal injuries. In October 2009, Hatfield and Gerald initiated a personal-injury action against Whisman in the Portsmouth Municipal Court and obtained a default judgment against her in August 2011. But before a scheduled damages hearing, Hatfield and Gerald voluntarily dismissed the action without prejudice.

{¶5} In August 2012, Hatfield and Gerald refiled their personal-injury action seeking damages against Whisman. After Whisman failed to respond to their new complaint, the trial court granted appellants' motion and entered a default judgment against her on the issue of liability.

{¶6} In March 2015, the attorney for Hatfield and Gerald received a letter from Whisman's insurance provider, General Automobile Insurance Company, Inc., that

stated that there was no coverage for the accident.  A couple months later, in May 2015,

Hatfield and Gerald filed an amended complaint adding a claim against Hatfield's

automobile insurance carrier, Safe Auto, under his policy's uninsured-motorist provision.

Hatfield and Gerald thus filed their amended complaint adding Safe Auto as a defendant

more than seven years after the October 2007 accident.  Safe Auto filed an answer,

cross-claim, and counterclaim.

{¶7}    Safe Auto then filed a motion for summary judgment.  The insurance

company claimed that Hatfield and Gerald's claim against it was barred by the following

two-year contractual limitation in the policy:

> SUIT AGAINST US
> We may not be sued unless there is full compliance with all the terms of
> the policy.  We may not be sued under the liability coverage until your
> obligation to pay is finally determined either by judgment against the
> person after actual trial or by written agreement of the person, the
> claimant, and us.  No one shall have any right to make us a party to a
> lawsuit to determine your liability.  *Any lawsuit seeking recovery under
> Part IV, Uninsured/Underinsured Motorists Coverage, must be filed within
> two (2) years from the date of the auto accident.*

(Emphasis added.)

Safe Auto attached to its motion for summary judgment a certified copy of its

automobile insurance declarations and policy covering Hatfield and his vehicle

during the accident.

{¶8}    In their memorandum in opposition Hatfield and Gerald argued that the

two-year contractual limitation in the insurance policy "would be unconscionable in as

much that another provision precludes suit under the uninsured motorist provision of the

policy within ninety (90) days of discovering the Defendant, Melissa Whisman, did not

have insurance" and that "[u]nder the circumstance[s] it would be unconscionable to

permit an insurance company from paying a claim that is clearly valid." Hatfield and Gerald did not cite any pertinent authority in support of their claim and did not submit any Civ.R. 56(E) summary-judgment evidence in opposition to Safe Auto's motion.

{¶9} In January 2016, the trial court granted Safe Auto's motion and entered summary judgment in its favor on Hatfield's and Gerald's claims. The court applied "the clear and unambiguous language of the policy [that] provides that any action brought by an insured under his uninsured/underinsured motorist coverage provided in this contract issued by Safe Auto Insurance Company must be filed within two (2) years from the date of the auto accident." The court scheduled the matter for a damages hearing on the default judgment against Whisman. A couple months later, the trial court entered judgment for over $25,000 in damages in favor of Hatfield and Gerald against Whisman. (OP52) Hatfield and Gerald appeal from the entry of summary judgment in favor of Safe Auto on their insurance claim.

## II. ASSIGNMENT OF ERROR

{¶10} Hatfield and Gerald assign the following error for our review:

THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT, SAFE AUTO'S MOTION FOR SUMMARY JUDGMENT WITHOUT CONSIDERING WHETHER THE UNINSURED MOTORIST CLAUSE WAS UNCONSCIONABLE.

## III. STANDARD OF REVIEW

{¶11} Hatfield and Gerald assert that the trial court erred in granting summary judgment to Safe Auto without determining whether the insurance policy's two-year contractual limitation in its uninsured motorist clause was unconscionable.

{¶12} Generally, appellate courts apply a de novo standard of review to an appeal from a summary judgment based on an insurance contract. *Westfield Ins. Co. v.*

*Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, 948 N.E.2d 931, ¶ 12; *see also Willis v. Gall*, 2015-Ohio-1696, 31 N.E.3d 678, ¶ 10 (4th Dist.) ("[t]he interpretation of a written contract, such as an insurance policy, is a matter of law that we review de novo"); *Hickory Grove 339, L.L.C. v. Cincinnati Ins. Co.*, 4th Dist. Washington No. 15CA38, 2016-Ohio-3408, ¶ 13.

{¶13} Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Civ.R. 56(C); *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Martin v. Jones*, 2015-Ohio-3168, 41 N.E.3d 123, ¶ 29 (4th Dist.). The moving party has the initial burden to inform the trial court of the basis for the motion and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party satisfies this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts to show that genuine issues exist for trial. *Id.*; *Schultheiss v. Heinrich Ents., Inc.*, 2016-Ohio-121, ___ N.E.3d ___, ¶ 15 (4th Dist.).

{¶14} "The fundamental goal when interpreting an insurance policy is to ascertain the intent of the parties from a reading of the policy in its entirety and to settle upon a reasonable interpretation of any disputed terms in a manner designed to give the contract its intended effect." *Laboy v. Grange Indemn. Ins. Co.*, 144 Ohio St.3d 234, 41 N.E.3d 1224, 2015-Ohio-3308, 41 N.E.3d 1224, ¶ 8. In the absence of an express

contractual definition or resultant manifest absurdity, we will construe words and phrases contained in an insurance policy in accordance with their plain and ordinary meaning. *Id.*, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph two of the syllabus; see also *Wayne Mut. Ins. Co. v. McNabb*, 2016–Ohio–153, ___ N.E.3d ___, ¶ 20 (4th Dist.).

## IV. LAW AND ANALYSIS

**{¶15}** In their sole assignment of error Hatfield and Gerald claim that the trial court erred in granting summary judgment in favor of Safe Auto because it failed to consider whether the two-year limitation in the insurance policy was unconscionable. They contend that the trial court thereby violated R.C. 1302.15(B), which provides that "[w]hen it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making its determination."

**{¶16}** Unconscionability includes both an absence of meaningful choice on the part of one of the parties together with contract terms that are unreasonably favorable to the other party; the party asserting that the contract is unconscionable has the burden of proving that the agreement is both procedurally and substantively unconscionable. *See Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 20.

**{¶17}** As appellants themselves acknowledge, courts have consistently upheld a two-year limitation period in which to require an insured who has suffered bodily injury to commence an action under the uninsured/underinsured-motorist provisions of an insurance policy as reasonable and appropriate. *See Angel v. Reed*, 119 Ohio St.3d

73, 2008-Ohio-3193, 891 N.E.2d 1179, ¶ 12; *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, ¶ 16; *Miller v. Progressive Cas. Ins. Co.*, 69 Ohio St.3d 619, 625, 635 N.E.2d 317 (1994).

{¶18}  On appeal Hatfield and Gerald argue that the period was unconscionable because they were precluded from bringing a suit under the uninsured-motorist clause until they had exhausted their claim against the tortfeasor and her insurance company. They do not specifically point to which clause in the policy they are relying on.  Notably, the exhaustion requirement in the same paragraph as the two-year limitation period applies only to a suit under the liability-coverage section of the policy and not a lawsuit seeking recovery under the uninsured-motorist coverage.  And courts have routinely held that exhaustion provisions in insurance policies are a condition precedent to an insured's right to payment and not a precondition to filing suit by the insured against his insurer within the contractual limitation period.  *See Barbee v. Nationwide Mut. Ins. Co.*, 130 Ohio St.3d 96, 2011-Ohio-4914, 955 N.E.2d 995, ¶ 45; *D'Ambrosia v. Hensinger*, 10th Dist. Franklin No. 09A-496, 2010-Ohio-1767, ¶ 15-16 (exhaustion and full-compliance provisions of insurance policy did not render two-year contractual limitation to raise uninsured/underinsured-motorist claim ambiguous and unenforceable).  Nothing prevented appellants from discovering the uninsured status of Whisman in time to comply with the clear and unambiguous two-year limitation.  *See Angel*, 119 Ohio St.3d 73, 2008-Ohio-3193, 891 N.E.2d 1179, at ¶ 19.

{¶19}  Likewise, the trial court did not violate R.C. 1302.15(B) by entering summary judgment in favor of Safe Auto because Hatfield and Gerald were afforded a reasonable opportunity to submit Civ.R. 56(E) summary judgment evidence setting forth

specific facts to support their unconscionability claim. *See, e.g., Pohman v. Columbia-Brookpark Mgt., L.L.C.*, 8th Dist. Cuyahoga No. 88666, 2007-Ohio-4044, ¶ 13-14 (R.C. 1302.15(B) does not require an evidentiary hearing, but can be satisfied by the Civ.R. 56 summary judgment procedure for submitting evidence); *see also Young v. Rollins Leasing Corp.*, 6th Dist. Lucas No. L-78-137, 1979 WL 207397, *5 (Dec. 7, 1979) (R.C. 1302.15 "does not provide a specific method for the presentation of evidence as to the commercial setting of the contract"). But after Safe Auto made and supported its motion for summary judgment with certified copies of the insurance policy and declarations page, Hatfield and Gerald failed to meet their reciprocal burden of establishing a genuine issue of material fact concerning the enforceability of the two-year contractual limitation with summary-judgment evidence.

**{¶20}**  Finally, we need not address appellants' additional argument in their reply brief that they were "justified under the circumstances to be relieved of the two-year requirement" because we address assignments of error and not mere arguments.  *See State v. McDougald*, 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 28 (court need not address argument not assigned as error because we review assignments of error and not mere arguments).  And to the extent that they are attempting to raise an argument apart from unconscionability, they cannot raise that new argument in a reply brief.  *See Today & Tomorrow Heating & Cooling v. Greenfield*, 4th Dist. Highland No. 13CA14, 2014-Ohio-239, ¶ 17 ("an appellant may not use a reply brief to raise new issues or assignments of error").

**{¶21}**  Therefore, the trial court did not err in granting summary judgment in favor of Safe Auto.  We overrule appellants' assignment of error.

## V. CONCLUSION

{¶22}    Summary judgment was appropriate because Safe Auto established that there was no genuine issue of material fact, it was entitled to judgment as a matter of law, and reasonable minds could come to only one conclusion, which was adverse to Hatfield and Gerald.  The two-year insurance policy limitation barred their untimely uninsured-motorist claim.  Having overruled appellants' sole assignment of error, we affirm the trial court's entry of summary judgment in favor of Safe Auto.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
William H. Harsha, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**