**BUCKEYE UNION INSURANCE COMPANY et al., Appellants,**

v.

**STIFFLER et al., Appellees.**

[Cite as *Buckeye Union Ins. Co. v. Stiffler* (1992), 81 Ohio App.3d 227.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005084.

Decided Jan. 2, 1992.

*Warren S. George,* for appellants.

*Elmer A. Bessick,* for appellee Ralph Mooney.

BAIRD, Judge.

This cause comes before the court upon the appeal of Buckeye Union Insurance Company ("Buckeye Union") from the judgment of the Elyria Municipal Court dismissing Ralph E. Mooney from a law suit involving a motor vehicle accident. Ralph Mooney cosigned the driver's license of defendant, Tracy A. Stiffler, who is a minor.

On June 16, 1988, Tracy A. Stiffler drove a motor vehicle, owned by William Butson, who was a passenger in the vehicle. Apparently, Tracy failed to stop at a stop sign and entered an intersection and struck a vehicle insured by Buckeye Union. Tracy was a minor when she obtained her driver's license and her father, Ralph Mooney, cosigned the license in compliance with R.C. 4507.07. Tracy was still a minor at the time of the accident.

On November 6, 1989, Buckeye Union filed a complaint alleging that Tracy negligently operated a motor vehicle and that Butson had negligently entrusted his motor vehicle to her. Buckeye Union named Mooney in the law suit as cosigner for Tracy's driver's license. Buckeye Union failed to obtain service of process upon Butson; both certified and regular mailings were returned to the court as undeliverable because Butson moved and did not leave a forwarding address.

On September 19, 1990, Mooney moved for summary judgment. Mooney asserted that Tracy was emancipated by way of marriage at the time of the

accident, thus relieving him of liability under R.C. 4507.07(B). Further, Mooney alleged that he was not liable because Tracy did not own the motor vehicle but merely operated it. Initially, Mooney's motion was denied.

On December 13, 1990, the referee held an evidentiary hearing. Though Buckeye Union objected to the referee's recommendations, the trial court adopted them and found that Tracy negligently failed to stop at the stop sign and that her negligence was the proximate cause of damage to the vehicle of Buckeye Union's insured. The court granted judgment of $6,426.37 against Tracy. The court granted Mooney's motion dismissing him from the law suit. Finally, the court found no evidence that Butson negligently entrusted his car to Tracy. Buckeye Union appeals and asserts two assignments of error.

## Assignment of Error No. I

"The trial court erred in granting appellee's motion to dismiss because of the fact that emancipation does not relieve a co-signer of his liability under O.R.C. 4507.07(B)."

■ Our review of the record indicates procedural inconsistencies which we will address before we discuss the merits of the assigned error.

The record indicates that on July 2, 1990, the court granted Mooney leave to file "a motion to dismiss." Thus authorized, Mooney would have had to challenge the pleadings by filing a Civ.R. 12(B)(6) motion asserting that Buckeye Union failed to state a viable claim against him. However, Mooney did not file a motion to dismiss, but rather, filed a motion for summary judgment to dismiss himself from the lawsuit. Mooney correctly ascertained that he would need more evidence than the pleadings to withstand Buckeye Union's opposition. The court denied the motion. At the evidentiary hearing, Mooney renewed his motion for summary judgment to dismiss himself from the case. The referee recommended, and the trial court stated in its judgment entry, "Defendants [*sic*] *Motion to Dismiss*, Ralph Mooney is granted." (Emphasis added.)

Careful examination of the record convinces us that the court misnamed its actions, rather than omitted procedural safeguards. There is no doubt that had Mooney based his motion on Civ.R. 12(B)(6), he would have failed because he claimed a defect that was not apparent on the face of the complaint. Further, had the court then treated a Civ.R. 12(B)(6) motion as one for summary judgment, it would have been required to give notice to Mooney's

opponent. Though it contained a misnomer, the court's ruling was in response to an apparently proper[1] motion.

■ On the merits, Mooney denied he was liable for Tracy's negligent operation of a motor vehicle because Tracy was an emancipated minor at the time of the accident. Further, Mooney asserted that he was not liable because Tracy merely operated the vehicle rather than owning it. R.C. 4507.07 provides in pertinent part:

"(A) the registrar of motor vehicles shall not grant the application of any minor under eighteen years of age for a probationary license, or restricted license, unless the application is signed by one of his parents, his guardian, other person having custody of the applicant, or, if there is no parent or guardian, by a responsible person who is willing to assume the obligation imposed under this section. * * *

" * * * *

"(B) Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a probationary license or restricted license, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct. * * *"

Unambiguously, the statute applies to "any minor" under eighteen years of age. It requires cosigning by a parent or another responsible person willing to assume the obligation of liability for any negligence committed by the minor. Mooney inappropriately relied on case law which discusses parental responsibility for a minor's negligent conduct after the minor reaches the age of majority. See *Garrett v. Lyden* (1954), 161 Ohio St. 385, 53 O.O. 283, 119 N.E.2d 289. Tracy was a minor at the time of the motor vehicle accident. Mooney cited no case law creating an exception to the statute's requirement for a responsible adult cosigner. Furthermore, Mooney's affidavit indicates that Tracy was born March 9, 1971 and was married October 3, 1986, when she was approximately fifteen and a half years old. It appears that Mooney cosigned for his married sixteen year old daughter when she initially obtained her driver's license. Mooney's very conduct indicates that marriage does not abolish the requirement for a responsible adult cosigner.

■ In the second part of his argument for summary judgment, Mooney misread R.C. 4509.101(A)(1) which provides:

---

1. The inconsistency between the leave to file the motion and the actual motion was not raised in the trial court or in this court.

" * * * No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to his operation of that vehicle.   * * *"

The statute requires proof of financial responsibility for both the owner-operator of a motor vehicle as well as for an operator.  Any other interpretation would undermine the purposes underlying the statute and would create a large category of non-owner drivers exempt from maintaining proof of financial responsibility.  Buckeye's first assignment of error is well taken.

### Assignment of Error No. II

■ "The trial court erred in not granting a judgment in favor of the appellants against William Butson for reason that defendant Butson never filed an answer to appellants' complaint and never made an appearance in this action."

Rules of appellate procedure describe the content of the notice of appeal as follows:

" * * * The notice of appeal shall specify the party or parties taking the appeal;  shall designate the judgment, order *or part thereof appealed from;* and shall name the court to which the appeal is taken.   * * *" (Emphasis added.)  App.R. 3(D).

Buckeye's notice of appeal provided:

"Notice is hereby given that Buckeye Union Insurance Co. and C & W Trucking Co., Plaintiffs, hereby *appeal* to the Court of Appeals of Lorain County, Ohio, Ninth District Court *from the order dismissing Defendant Ralph E. Mooney from the action* entered in this action on the eleventh day of April, 1991."  (Emphasis added.)

Review of the record indicates that Buckeye Union limited its appeal to the judgment dismissing Mooney from the action.  Buckeye Union did not appeal the judgment in favor of Butson which provided that evidence did not substantiate the claim that Butson negligently entrusted his car to Tracy, the defendant.  Buckeye Union specifically excluded that portion of the judgment in its appeal;  now, it may not assert an assignment of error concerning that portion of the judgment.  We overrule the second assignment of error.  We reverse the trial court's order granting summary judgment to Mooney but leave in place the judgment regarding Butson.  We remand this case to the trial court for action in conformity with this opinion and the law.

*Judgment accordingly.*

QUILLAN, P.J., and CACIOPPO, J., concur.