DECISION. *Page 2 
{¶ 1} Diane Monahan was injured when a set of cabinets fell on her at work. Monahan sued Duke Realty, the owner of the building that her employer leased. Duke in turn sued Dutch Mullen Construction, the company that had both installed the cabinets and helped to maintain the building.
 {¶ 2} The trial court granted Duke summary judgment and denied Monahan's motion to amend her complaint to add Dutch Mullen as a direct defendant after the limitations period had run. We affirm the trial court's denial of Monahan's motion and strike Monahan's assignment of error concerning Duke because it is not properly before this court.
 I. Short Screws {¶ 3} On June 25, 2004, Monahan was injured at work. A set of cabinets separated from the wall and fell on her.
 {¶ 4} Her employer, Tri-State Centers for Sight, rented space from Duke. The lease specified that Duke was responsible for heating, air conditioning, plumbing, elevator service, janitorial work, window washing, and trash removal. Nothing in the lease indicated that Duke had a duty to inspect the rented space for loose cabinets. Duke was also responsible for performing all maintenance and repair work at the site (or contracting out the work) when a tenant requested that Duke perform a repair or maintenance. In practice, Duke inspected the heating and air-conditioning system every six months and checked the lights every month.
 {¶ 5} A lease amendment signed in 2001 incorporated an "as is" provision into the agreement. Minus the tedious legalese, the paragraph stated that Tri-State *Page 3 
had rented the site from Duke "as is," that Duke did not warrant its condition, and that Duke had no responsibility for its condition.
 {¶ 6} In 1990, Duke contracted with Dutch Mullen to install cabinets. Between 1990 and Monahan's injury in 2004, Dutch Mullen occasionally performed maintenance work for Duke at the Tri-State site on a contractual basis.
 {¶ 7} On June 25, 2004, Monahan was injured when a cabinet that had been installed by Dutch Mullen fell on her. Monahan sued the Duke defendants in December 2004, alleging that Duke had been negligent in installing the cabinets because the screws were too short. She also alleged that Duke had not properly maintained the premises. The complaint did not include any John Doe or unknown defendants.
 {¶ 8} In June 2005, Duke added Dutch Mullen as a third-party defendant. In April 2006, Monahan deposed a representative from Dutch Mullen, who testified that Dutch Mullen had installed the cabinets. On June 25, 2006, the statute of limitations for filing a complaint in this case had expired.[1] Monahan amended her complaint in November 2006 — the first amended complaint did not add any parties. Duke moved for summary judgment in January 2007. Before the trial court ruled on Duke's motion, Monahan sought to amend her complaint in February 2007, eight months after the limitations period had expired, to add Dutch Mullen as a direct defendant, rather than a third-party defendant.
 {¶ 9} The trial court granted Duke's summary-judgment motion and denied Monahan's motion to amend her complaint to add Dutch Mullen as a direct defendant. *Page 4 
 II. Notice of Appeal Bars Appeal of Summary Judgment {¶ 10} In her first assignment of error, Monahan argues that the trial court erred by granting summary judgment to Duke on the issue of landlord liability. But Duke argues that Monahan has failed to properly appeal the trial court's grant of summary judgment. Duke contends that Monahan's failure to include in her notice of appeal that she is appealing the trial court's grant of summary judgment to Duke precludes her from arguing that point as an assignment of error in her appellate brief.
 {¶ 11} The trial court granted Duke's summary-judgment motion in March, and it then overruled Monahan's motion to amend her complaint to include Dutch Mullen a month later. Monahan's notice of appeal does not state that she is appealing the grant of summary judgment — the notice only mentions the court's latter order overruling her motion to amend her complaint.
 {¶ 12} App.R. 3(D) requires that a notice of appeal specify the party taking the appeal and the judgment or order appealed from. App.R. 3(A) states that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." And App.R. 4(A) requires that the notice of appeal be filed within 30 days of the notice of judgment. Under the Ohio Rules of Appellate Procedure, timely notices of appeal preserve the appellate court's jurisdiction. All other defects in notices of appeal are to be addressed solely in the appellate court's discretion. Available sanctions include dismissal of the appeal.[2] *Page 5 
 {¶ 13} In MDM Realty Ltd. v. Progress Properties South Ltd.Partnership, the plaintiff sued the city of Cleveland and several other defendants.[3] The plaintiff failed to mention or attach the trial court's order granting summary judgment to the city in its notice of appeal — the notice of appeal only referred to the trial court's grant of summary judgment to a different defendant. The court held that because the entry regarding the city was neither "mentioned in nor appended to" the notice of appeal filed by the plaintiff, the notice failed to properly notify the city that it was subject to the appeal.[4]
 {¶ 14} Likewise, in Buckeye Union Ins. Co. v. Stiffler, the appellate court dismissed the part of an appeal that was not mentioned in the appellant's notice of appeal.[5] An insurance company had sued the father of a teenage driver and the owner of the car involved in an accident. The trial court's order dismissed the father from the case and refused to grant a default judgment against the owner. In its notice of appeal, the appellant appealed only the dismissal of the father, but failed to include the denial of default judgment against the owner. The appellate court did not allow an assignment of error regarding the default judgment because that portion of the judgment was not included in the notice of the appeal.[6]
 {¶ 15} In Maritime Manufacturers, Inc. v. Hi-Skipper Marina, the Ohio Supreme Court recognized that the purpose of a notice of appeal is to "apprise the opposite party of the taking of an appeal."[7] The court held that if that purpose were served "beyond the danger of reasonable misunderstanding," then any technical defects contained in the notice of appeal would be overlooked. The appellant in Maritime *Page 6 Manufacturers had appealed the trial court's order denying its motion for a new trial, and its notice of appeal did not state that it was appealing the trial court's final judgment on the merits. But the supreme court determined that the "clear intention" of the appellant was to appeal the final judgment on the merits because both the assignments of error and the motion for a new trial questioned the validity of the judgment on the merits. And since both parties had fully briefed the case on the merits, the court held that the mistake in the notice of appeal was harmless error.[8]
 {¶ 16} Finally, in Interstate Gas Supply, Inc. v. Calex Corp.,[9] the appellant's notice of appeal stated that the appellant was appealing from the trial court's grant of summary judgment to the plaintiff, but failed to mention that it was also appealing from the summary judgment entered for the third-party defendant. The court held that "[a]bsent any showing of prejudice by appellees, we do not conclude that [the appellant's] notice of appeal is so defective that this court should dismiss the portion of the present appeal that is directed toward [the third-party defendant]."[10]
 {¶ 17} But in this case, Monahan's notice of appeal did not properly apprise Duke of its involvement in the appeal. Nothing on the face of the notice mentions or even alludes to the trial court's grant of summary judgment to Duke. The only way Duke could have been put on notice of its involvement in the appeal was by reading Monahan's brief, which includes an assignment of error regarding the trial court's grant of summary judgment to Duke. Unlike Interstate Gas Supply, where the parties maintained a common nexus during the appeal, Monahan's assignments of error involving Duke and Dutch Mullen are separate and distinct. Nothing in the *Page 7 
appeal relating to the amendment of the complaint adding Dutch Mullen as a direct defendant remotely involves Duke. Thus, Duke was afforded no reasonable notice that it would be called upon to defend its summary judgment during the appeal — for all it knew when the notice of appeal was filed, the appeal was solely between Dutch Mullen and Monahan.
 {¶ 18} As we have already noted, the purpose of a notice of appeal is to apprise an opposing party of the taking of an appeal. In this case, Monahan's defective notice of appeal failed to apprise Duke of its involvement in the appeal. Because the purpose of the notice of appeal has not been served, the defects contained in it can not be overlooked under the Ohio Supreme Court's Maritime Manufacturers standard. Because the notice of appeal failed to give Duke notice of the appeal, Monahan is precluded from appealing the trial court's grant of summary judgment for Duke. Thus, the assignment of error involving Duke is stricken.
 III. On the Merits, Duke is Not Liable for DefectiveCabinet {¶ 19} Even if Monahan had properly apprised Duke of its intent to appeal the trial court's summary-judgment entry, Duke was not liable for Monahan's injuries as a matter of law.
 {¶ 20} We review a grant of summary judgment de novo.[11] The trial court could only have granted summary judgment to Duke if it appeared that (1) there was no genuine issue as to any material fact; (2) Duke was entitled to judgment as a matter of law; and (3) when construing the evidence most strongly in favor of Monahan, reasonable minds could have only found in favor of Duke.[12] *Page 8 
 {¶ 21} In Ohio, the common law governs commercial landlord-tenant relationships.[13] Generally, commercial landlords that are out of possession and control of the property leased to a tenant are not liable to third parties for injuries caused by conditions on the property.[14] Commercial landlords are "out of possession and control" when they do not retain a right to admit or exclude persons from the leased premises.[15]
 {¶ 22} In Davis v. Eastwood Mall, Inc., the lessor reserved the right to inspect the premises and agreed to remedy construction errors or defects upon request by the lessee.[16] But the Davis court held that neither the reservation of a limited right to enter the premises upon reasonable notice for a few specified purposes, such as to inspect the premises, nor the agreement of the lessor to make repairs justified a finding that the lessor retained control of the premises.[17] For a commercial landlord to have possession and control of an area, it has to retain an absolute right to admit or exclude persons from that area.
 {¶ 23} In this case, Duke did not retain the right to admit or exclude persons, but it did reserve the right to inspect the premises. Overall, the lease terms at issue closely resemble those in Davis. But the court in Davis held, and the Ohio Supreme Court has since repeatedly so held,[18] that neither the reserved right of inspection nor the agreement of the lessor to make repairs is sufficient to impose liability on a commercial landlord for injuries to a third person on the premises. While Duke reserved the right to enter the premises for inspection and contracted to make repairs to the premises when it was notified of a problem, neither factor put Duke in *Page 9 
sufficient control of the leased premises so that it had a duty to third persons for injuries caused by conditions on the premises.
 {¶ 24} Likewise, there is no common-law duty imposed on a commercial landlord to inspect premises that are out of the landlord's possession and control. But because the common law holds commercial landlords liable for injuries to parties that occur in common areas, there is an implied duty on the part of landlords to keep those common areas in proper repair.[19] No such liability exists for areas out of the control and possession of the landlord and thus no equivalent duty exists.
 {¶ 25} Therefore, Duke, as a matter of law, was not subject to liability for injured parties and had no duty to inspect the leased premises in general.
 {¶ 26} The only other way that Duke could have been liable to Monahan was if it had a contractual responsibility to her, or a contractual duty that it had breached. Neither was present in this case. Lease provision 6.02 governed the services the were to be supplied to Monahan's employer by Duke. They included heating, ventilation, air conditioning, water, elevator service, janitorial service, window washing, bulb replacement, and maintenance of the building's common areas. Nowhere in provision 6.02, or anywhere else in the lease, was a duty created that would have required Duke to inspect the lessee's cabinetry. Furthermore, the established practice of Duke regarding defects in or on the leased premises had been to take action once an issue was brought to its attention. Nowhere in the record is there evidence that Duke had received a complaint regarding the condition of the cabinets before Monahan's accident. And the lease did not require Duke to conduct regular inspections of the cabinetry on the leased premises-Duke's practice of inspecting the lights and furnaces did not require it to inspect the *Page 10 
cabinets as well. A reasonable person could have only reached the conclusion that Duke was under no contractual obligation to inspect its lessee's cabinetry.
 {¶ 27} Ohio law dictates that commercial lessees take the premises "as is" after contracts negotiating the terms of the lease are created.[20] A lease amendment in this case was signed in 2001, more than ten years after the cabinet that fell on Monahan had been installed. Thus, in 2001, Monahan's employer effectively took possession of the premises "as is," insulating Duke from liability for the fallen cabinets.[21]
 {¶ 28} Because Duke was under no common-law or contractual duty to inspect the premises leased by Monahan's employer, the trial court properly granted summary judgment to Duke.
 III. Too Late to Add Dutch Mullen {¶ 29} The trial court denied Monahan's motion to amend her complaint to add Dutch Mullen as a direct defendant. It determined that although Civ.R. 15(C) allowed a plaintiff to add a party after the statute of limitations had expired, Monahan had not complied with the service-of-process requirement in Civ.R. 3(A), because Monahan had not served the amended compliant on Dutch Mullen within one year of the original filing. We affirm the trial court's ruling, but for different reasons.
 {¶ 30} Monahan was not entitled to add Dutch Mullen as a direct defendant after the statute of limitations had expired. Under Civ.R. 15(C), before Mullen could have added Dutch Mullen as a party after the statute of limitations had expired, she had to meet three requirements: (1) The claim against Dutch Mullen had to arise out of the same occurrence set forth in the original complaint against Duke; (2) within *Page 11 
the time provided for commencing an action, Dutch Mullen would have had to have received notice of the claim so that it would not be prejudiced in maintaining its defense; and (3) within the time provided for commencing an action, Dutch Mullen had to know, or should have known, that "but for a mistake concerning the identity of the proper party, the action would have been brought against [it]."[22]
 {¶ 31} Monahan met the first two requirements, but not the third. Monahan's failure to name Dutch Mullen as a direct defendant within the statute of limitations may have been unfortunate, but it was not a "mistake."
 {¶ 32} "The primary purpose of Civ. R. 15(C) is to preserve actions which, through mistaken identity or misnomer, have been filed against the wrong person."[23] Here, Monahan knew the identity of Dutch Mullen before the statute of limitations had expired. She should have known about Dutch Mullen's role in the events by at least June 2005, when Duke added Dutch Mullen as a third-party defendant. But at the latest, she was explicitly told during Dutch Mullen's representative's deposition that it was Dutch Mullen that had installed the cabinets. The representative's deposition had taken place two months before the limitations period had expired. At that point, there could have been no mistake about the parties involved.[24]
 {¶ 33} The civil rules do not allow a plaintiff to use Civ.R.15(C) "as a means to substitute one defendant for another in order to defeat a statute of limitations which has already run."[25] Because Monahan was aware of Dutch Mullen's identity and knew that Dutch Mullen had installed the cabinets before the limitations period had run, she could not have used Civ.R. 15(C) to bring in Dutch Mullen as a direct defendant. *Page 12 
 {¶ 34} Because we have determined that Monahan was precluded by Civ.R.15(C) from bringing suit directly against Dutch Mullen, we do not discuss Civ.R. 3(A).
 {¶ 35} For the foregoing reasons, we strike the assignment of error involving Duke and affirm the trial court's denial of Monahan's motion to amend her complaint to add Dutch Mullen as a direct defendant.
Judgment accordingly.
HENDON and DINKELACKER, JJ., concur.
[1] R.C. 2305.10.
[2] Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, 322,649 N.E.2d 1229.
[3] 8th Dist. Nos. 86937 and 88540, 2007-Ohio-3668.
[4] Id. at ¶ 20.
[5] (1992), 81 Ohio App.3d 227, 231, 610 N.E.2d 1038.
[6] Id.
[7] (1982), 70 Ohio St.2d 257, 259, 436 N.E.2d 1034, quotingCapital Loan Savings Co. v. Biery (1938), 134 Ohio St. 333, 339,16 N.E.2d 450.
[8] Id. at 259-260.
[9] Interstate Gas Supply, Inc. v. Calex Corp., 10th Dist. No. 04AP-980 2006-Ohio-638.
[10] Id. at ¶ 19.
[11] Klocinski v. American States Ins. Co., 6th Dist. No. L-03-1353,2004-Ohio-6657.
[12] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[13] Hendrix v. Eighth Walnut Corp. (1982), 1 Ohio St.3d 205, 207,438 N.E.2d 1149.
[14] Kirchner v. Shooters on the Water, Inc., 167 Ohio App.3d 708,2006-Ohio-3583, 856 N.E.2d 1026, at ¶ 32; Hendrix, supra, at 207.
[15] Hendrix, supra, at 207.
[16] (Dec. 14, 1990), 11th Dist. No. 88-CV-1424.
[17] Id. at ¶ 2.
[18] Id.
[19] Id.
[20] Hendrix, supra, at 208
[21] See, e.g., id.
[22] Cecil v. Cottrill (1993), 67 Ohio St.3d 367, 370,618 N.E.2d 133.
[23] Littleton v. Good Samaritan Hospital Health Center (1988),39 Ohio St.3d 86, 101, 529 N.E.2d 449.
[24] See, e.g., Roberts v. Murawski, 1st Dist. No. C-0607i41,2007-Ohio-3555, at ¶ 11.
[25] Kimble v. Pepsi-Cola Gen. Bottlers (1995), 103 Ohio App.3d 205,207, 658 N.E.2d 1135. *Page 1