[Cite as *State v. Johnson*, 2015-Ohio-3449.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27558 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON M. JOHNSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CR 14 06 1745 |

DECISION AND JOURNAL ENTRY

Dated: August 26, 2015

MOORE, Judge.

{¶1} Plaintiff-Appellant the State of Ohio appeals from the judgment entry issued by the Summit County Court of Common Pleas. We reverse and remand the matter for proceedings consistent with this opinion.

I.

{¶2} Defendant-Appellee Jason Johnson was indicted in June 2014, on one count of operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a). The indictment included an allegation that Mr. Johnson had pleaded guilty or been convicted of five or more previous violations of R.C. 4511.19 in the past 20 years, thus the offense was a felony of the fourth degree. Additionally, the count contained a specification pursuant to R.C. 2941.1413 related to his alleged prior convictions. Mr. Johnson was also indicted on one count of driving under financial responsibility suspension or cancellation in violation of R.C. 4510.16.

{¶3} Mr. Johnson filed a motion to dismiss the specification to count one, only asserting that the R.C. 2941.1413 specification was facially unconstitutional as it violated the Equal Protection Clause. In so doing, Mr. Johnson cited the Eighth District's opinion in *State v. Klembus,* 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227. Additionally, Mr. Johnson filed a motion to suppress arguing that the State would be unable to demonstrate that he had five prior OVI convictions. Thus, he maintained that there would be no lawful reason to introduce evidence of the convictions and the State should be precluded from introducing evidence of his prior convictions. The State responded in opposition to both motions.

{¶4} The trial court held a hearing on the motion to suppress. At the hearing, Mr. Johnson's counsel agreed that the only prior conviction of the five that he was challenging was the 2000 conviction from Akron Municipal Court. At the conclusion of the hearing, Mr. Johnson's counsel indicated that he would "rely upon our motion[,]" with the respect to the motion to dismiss.

{¶5} The trial court issued a single entry granting both defense motions. In addressing the motion to dismiss, the trial court "decline[d] to decide the constitutional challenge as it f[ound] that the State [] failed to carry its burden regarding the requisite number of convictions and [dismissed] the specification to Count I of the indictment." In so doing, the trial court concluded that "because of the record keeping in this case, it is not at all clear to this Court that [Mr. Johnson] was convicted of an OVI offense on September 6, 2000."

{¶6} In granting the motion to suppress, the trial court found that if Mr. Johnson had five convictions, evidence of the convictions could "be seen as a way to meet the elements of R.C. 4511.19's charge for a repeat offender." However, as there was not evidence of five prior

convictions, the trial court concluded that evidence of his prior convictions should be excluded pursuant to Evid.R. 404(B).

{¶7} The State filed a notice of appeal pursuant to R.C. 2945.67(A) and Crim.R. 12(K), stating that it was appealing "from the Judgment Entry granting the motion to Suppress entered October 16, 2014." Mr. Johnson subsequently filed a motion to strike references and argument in the State's brief related to the motion to dismiss, as the State failed to indicate in its notice of appeal that it was appealing from that portion of the entry as well. This Court deferred decision on that issue. We will now proceed to resolve the motion to strike prior to addressing the State's assignment of error.

II.

Scope of the Appeal

{¶8} Mr. Johnson argues in his motion to strike that the State limited its appeal to the portion of the trial court's entry granting the motion to suppress. He bases this contention upon language in App.R. 3(D) and one of our cases, *Buckeye Union Ins. Co. v. Stiffler,* 81 Ohio App.3d 227, 231 (9th Dist.1992).

{¶9} App.R. 3(D) provides in pertinent part that, "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." In *Buckeye Union Ins. Co.,* this Court cited App.R. 3(D) and determined that Buckeye Union limited its appeal to the judgment dismissing one of the parties from the action because the notice of appeal indicated it was appealing "from the order *dismissing Defendant Ralph E. Mooney from the action*[.]" (Emphasis omitted.) *Id.* at 231. We concluded that the foregoing language meant that Buckeye Union had excluded the other rulings made in the same judgment entry from its appeal. *Id.*

{¶10} Here, the State in its notice of appeal indicated that it was appealing "from the Judgment Entry granting the Motion to Suppress entered October 16, 2014." Based on this, Mr. Johnson argues that the State has limited its appeal to the portion of the judgment entry granting the motion to suppress. While we agree that there are similarities between this matter and *Buckeye Union Ins. Co.* that would support Mr. Johnson's position, we nonetheless conclude that the State has appealed from the entirety of the entry. Given the procedural irregularities that occurred below, we are not inclined to so narrowly read the State's notice of appeal. The trial court granted Mr. Johnson's motion to dismiss based on arguments made at the suppression hearing and in the motion to suppress. Those arguments were not contained in his motion to dismiss, which was based on a constitutional challenge. The trial court declined to address the merits of Mr. Johnson's constitutional challenge, and, instead, granted the motion to dismiss based upon arguments made at the suppression hearing and in the motion to suppress. In light of the foregoing unique circumstances, and the fact that the State indicated it was appealing from the *entry* granting the motion to suppress, which included the ruling on the motion to dismiss, this case is not controlled by *Buckeye Union Ins. Co.* and we overrule Mr. Johnson's motion to strike.

III.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING THE MOTION TO SUPPRESS AND DISMISSING THE SPECIFICATION TO COUNT ONE OF THE INDICTMENT.

{¶11} The State, in its sole assignment of error challenges the trial court's grant of the motion to suppress and the dismissal of the R.C. 2941.1413 specification to count one of the indictment. While the State focuses on whether a single conviction from September 6, 2000 was

admissible, we believe it is necessary to sua sponte address more troubling problems with the trial court's decision.

Ruling on the Motion to Dismiss

{¶12} Mr. Johnson filed a motion to dismiss the specification at issue contending it was facially unconstitutional as it violated the Equal Protection Clause. The trial court declined to address the issue, instead concluding that "the State [] failed to carry its burden regarding the requisite number of convictions[,]" and therefore the court dismissed the specification to Count one of the indictment. Specifically, the trial court found that "it is not at all clear to this Court that [Mr. Johnson] was convicted of an OVI offense on September 6, 2000."

{¶13} "In reviewing the propriety of a criminal indictment issued under Ohio law, a trial court may determine only whether the indictment is valid on its face[.] A motion to dismiss an indictment tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either [the State] or the defendant." (Internal citations and quotations omitted.) *Akron v. Buzek,* 9th Dist. Summit No. 20728, 2002 WL 712731, *1, 2002-Ohio-1960 (Apr. 24, 2002).

{¶14} Here Mr. Johnson did not assert, nor did the trial court find that the specification was invalid on its face. Moreover, "[t]he Ohio Rules of Criminal Procedure [] do not allow for 'summary judgment' on an indictment prior to trial." (Citations omitted.) *Id.* Here, essentially the trial court determined that the State would be unable to present sufficient evidence to convict Mr. Johnson of the specification. Such is not a proper basis for granting a motion to dismiss prior to trial. *See id; see also State v. Scott,* 174 Ohio App.3d 446, 2007-Ohio-7065, ¶ 9 (1st Dist.) ("If a motion to dismiss requires the examination of evidence beyond the face of the indictment, the issue must be presented in a motion for acquittal at the close of the state's case.").

**{¶15}** Accordingly, to the extent the State has argued that the trial court erred in dismissing the specification to Count one, we agree. We take no position on the merits of Mr. Johnson's challenge to the constitutionality of the specification, as that issue was never resolved by the trial court.

Ruling on the Motion to Suppress

**{¶16}** Mr. Johnson asserted below in his motion to suppress that he did not have five prior OVI convictions, and therefore, could not be convicted of a felony violation for the instant offense. *See* R.C. 4511.19(G)(1)(d) (requiring five convictions in the past twenty years). Citing *State v. Allen,* 29 Ohio St.3d 53, 55 (1987), he argued that, because he could not be convicted of a felony violation, the State should be prohibited from introducing evidence of any of his prior convictions, as the fact of prior convictions would only increase the penalty of the instant offense, but not the degree.

**{¶17}** The trial court concluded that "the danger of prejudice to [Mr. Johnson] of admitting his prior convictions may 'incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand[,]' something the Rules of Evidence strictly prohibit." Based upon that finding, the trial court granted Mr. Johnson's motion to suppress. In the portion of the entry ruling on the motion to suppress, the trial court did not specifically mention Mr. Johnson's September 6, 2000 conviction, which was the conviction expressly challenged at the hearing on the motion to suppress. Instead, it suppressed evidence of all of Mr. Johnson's prior convictions. It appears that the trial court essentially decided that, because it believed that there was not sufficient evidence of the September 6, 2000 conviction, the State would be unable to prove Mr. Johnson had five prior convictions (something it would not have to do until trial), and, because of that, suppressed all evidence of Mr. Johnson's prior convictions.

{¶18} "A motion to suppress [i]s a [d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel, right of confrontation etc.), of [the] U.S. Constitution." (Internal quotations omitted.) *State v. Patterson,* 9th Dist. Medina No. 09CA0014-M, 2009-Ohio-6953, ¶ 7, quoting *Hilliard v. Elfrink,* 77 Ohio St.3d 155, 158 (1996). "In extremely limited instances, the [Supreme] Court [of Ohio] has recognized a motion to suppress as a proper vehicle for non-Fourth, Fifth, or Sixth Amendment challenges." *Patterson* at ¶ 7. "The Court has cautioned, however, that the principles developed in those cases must be narrowly construed because they represent specific narrow departures * * * by [the Court] from settled law regarding suppression of evidence." (Internal quotations and citation omitted.) *Id.* "As such, unless a specific, recognized departure from the settled law applies, a motion to suppress may only be used to challenge evidence obtained in violation of one's Fourth, Fifth, or Sixth Amendment rights." *Id.*

{¶19} Mr. Johnson's motion to suppress was not based on a constitutional challenge to his Fourth, Fifth, or Sixth Amendment rights; instead, it was centered around the Ohio Rules of Evidence. Accordingly, Mr. Johnson's challenge is not appropriately addressed through a motion to suppress. *See id.* at ¶ 7-9. Instead, the motion is more properly characterized as a motion in limine. *See State v. Echard,* 9th Dist. Summit No. 24643, 2009-Ohio-6616, ¶ 2-3. Thus, the trial court erred in characterizing the motion as a motion to suppress and thereafter granting it as a motion to suppress.

{¶20} To the extent the State has argued the trial court erred in granting the motion to suppress, we agree. The matter is remanded to the trial court for it to consider the arguments

made by Mr. Johnson in his motion to dismiss and to consider Mr. Johnson's motion to suppress as a motion in limine.

**{¶21}** The State's assignment of error is sustained.

## III.

**{¶22}** In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas, and remand the matter for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

JACK MORRISON, JR. and THOMAS R. HOULIHAN, Attorneys at Law, for Appellee.