[Cite as *State v. Graham*, 2016-Ohio-8503.]

STATE OF OHIO           )          IN THE COURT OF APPEALS
                        )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA        )

STATE OF OHIO                       C.A. No.      16CA0028-M

    Appellee

    v.                             APPEAL FROM JUDGMENT
                                   ENTERED IN THE
PATRICK F. GRAHAM                   COURT OF COMMON PLEAS
                                   COUNTY OF MEDINA, OHIO
    Appellant                      CASE No.      15-CR-0559

DECISION AND JOURNAL ENTRY

Dated: December 30, 2016

WHITMORE, Judge.

{¶1}    Appellant, Patrick F. Graham, appeals from his conviction in the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On October 7, 2015, an indictment was filed charging Mr. Graham with violating a protection order in violation of R.C. 2919.27(A)(1).  The indictment alleged that the violation occurred on September 24, 2015.  The indictment further charged this offense as a fifth-degree felony stating that Mr. Graham "was previously convicted of or pleaded guilty to a violation of Section 2919.27 of the Ohio Revised Code in Medina Municipal Court Case No. 15CRB01402."  Mr. Graham moved to dismiss the indictment arguing that he had not pleaded guilty or been convicted in the prior case.

**{¶3}** In Case No. 15CRB01402[1], Mr. Graham was charged with violating a protection order in violation of R.C. 2919.27(A)(1). On September 14, 2015, he entered a no contest plea and was found guilty by the court. The matter was referred for a presentence investigation. On September 24, 2015, Mr. Graham again violated the protection order and was, thereafter, indicted in the current case for that violation. On October 14, 2015, Mr. Graham was sentenced in Case No. 15CRB01402.

**{¶4}** Mr. Graham, subsequently, filed his motion to dismiss the indictment in the current case. He argued that he did not have a prior conviction or plead guilty in a previous case, and therefore, his current offense could not be charged as a fifth-degree felony under R.C. 2919.27(B). The statute provides, in pertinent part, that "[e]xcept as otherwise provided in divisions (B)(3) or (4) of this section, violating a protection order is a misdemeanor of the first degree." R.C. 2919.27(B)(2). Division (B)(3) provides that "[i]f the offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for * * * one or more violations of this section, violating a protection order is a felony of the fifth degree." Mr. Graham contended that "because he was not sentenced in [Case No.] 15CRB01402 until October 14, 2015, he did not have a prior conviction, for enhancement purposes, on September 24, 2015, as alleged in the indictment." Mr. Graham sought a determination of whether, "as a matter of law, he [wa]s properly charged with a felony, rather than a misdemeanor."

---

[1] No documents from this prior case were introduced to the trial court in the current matter. While Mr. Graham attaches a copy of the municipal court's sentencing entry to his brief in this Court, that entry was not made a part of the record below. Consequently, that entry cannot be considered by this Court on appeal. *See State v. Heard*, 9th Dist. Summit No. 26965, 2014-Ohio-371, ¶ 6. Nonetheless, the State did not dispute the facts as set forth by Mr. Graham in his motion to dismiss below. Therefore, we rely on the facts as stated in that motion.

{¶5} The State agreed that the timeline was not in dispute. In the prior case, Mr. Graham pleaded no contest, but was not immediately sentenced. Before sentencing, he committed the offense charged in the current case.

{¶6} Finding "no dispute as to the facts[,]" the court proceeded to rule on Mr. Graham's motion. The court found "the 'convicted' portion of the phrase [in R.C. 2919.27(B)(3)] * * * satisfied * * * because [the municipal court judge] found [Mr. Graham] guilty upon his plea of 'no contest.'" Consequently, the court denied Mr. Graham's motion to dismiss the indictment.

{¶7} Thereafter, Mr. Graham pleaded no contest. He waived the presentation of evidence and the court found him guilty of violating a protection order, a fifth-degree felony. The court sentenced Mr. Graham to 12 months in prison. Mr. Graham filed a notice of appeal, and the trial court stayed the matter pending the outcome of this appeal.

{¶8} Mr. Graham's appeal raises one assignment of error.

II.

<u>Assignment of Error</u>

THE TRIAL COURT ERRED IN FINDING APPELLANT'S PLEA OF "NO CONTEST" FOR VIOLATING A TEMPORARY PROTECTION ORDER IN VIOLATION OF R.C. 2919.27(A)(1) AND (B)(2) IN MEDINA MUNICIPAL CASE 15CRB01402 ON SEPTEMBER 14, 2015, WAS A PRIOR CONVICTION THAT ESCALATED THE CHARGE IN THIS CASE TO A FELONY, AND THEREAFTER DENIED APPELLANT'S MOTION TO DISMISS THE IND[I]CTMENT.

{¶9} In his sole assignment of error, Mr. Graham argues that, because he did not plead guilty and was not sentenced in the prior case until after the current violation, the current offense was a first-degree misdemeanor and not a fifth-degree felony. We do not reach the merits of Mr.

Graham's argument because it was not properly before the trial court and not properly preserved for appeal.

{¶10} "A defendant's right to appeal is decidedly limited under a no contest plea." *State v. Cianci*, 9th Dist. Lorain No. 3947, 1986 WL 6675, *2 (June 11, 1986). While certain pretrial motions may be appealed under Crim.R. 12(I), the motion must concern a matter that can be properly disposed of by a pretrial motion to be within the rule's savings provision. *See State v. Banks*, 9th Dist. Medina No. C.A. 2256-M, 1994 WL 479209, *3 (Sept. 7, 1994) (discussing former Crim.R. 12(H), which contained the same language as current Crim.R. 12(I)). "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(C).

{¶11} "The Ohio Rules of Criminal Procedure, however, do not allow for 'summary judgment' on an indictment prior to trial." *State v. Varner*, 81 Ohio App.3d 85, 86 (9th Dist.1991). *Accord State v. Johnson*, 9th Dist. Summit No. 27558, 2015-Ohio-3449, ¶ 14. Evidence beyond the face of the indictment may be considered only if the matter does "not require a determination of the general issue for trial." *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 18 (discussing interaction of Crim.R. 12(C) and (F)). "[W]hen a prior conviction is an essential element of an offense that the State must prove at trial, a challenge to the sufficiency of that prior conviction is an issue that is not 'capable of determination without the trial of the general issue.'" *State v. Patterson*, 9th Dist. Medina No. 09CA0014-M, 2009-Ohio-6953, ¶ 9, quoting *State v. Echard*, 9th Dist. Summit No. 24643, 2009-Ohio-6616, ¶ 7, quoting Crim.R. 12(C).

{¶12} A prior conviction is an essential element of the offense that the State must prove if the existence of that prior conviction elevates the degree of the offense. *State v. Allen*, 29 Ohio

St.3d 53, 54 (1987). *Accord State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 11. A motion seeking "a determination that an element of the offense itself [can]not be established" is "proper only at the close of the [S]tate's case." *State v. Hoskins,* 1st Dist. Hamilton No. C-090710, 2010-Ohio-2454, ¶ 13. "[A] defendant cannot preserve such a challenge for appeal simply by raising it in a pretrial motion." *Patterson* at ¶ 9.

**{¶13}** Although titled as a motion to dismiss, in substance Mr. Graham's motion was one for summary judgment. He sought a ruling from the trial court that the State could not prove an essential element of its charge against him, namely the existence of a prior conviction. He argued that the existence of a prior conviction required both a finding of guilt and a sentence. In doing so, he relied on evidence outside of the indictment, namely his prior no contest plea and the date of his sentencing in that case. Although the State did not dispute the timeline, "even where the [S]tate and the defendant have stipulated to the facts that form the basis of the charges, a motion to dismiss is premature, because there is no equivalent for a motion for summary judgment in criminal proceedings." *State v. Scott*, 174 Ohio App.3d 446, 2007-Ohio-7065, ¶ 9 (1st Dist.). As Mr. Graham's prior conviction was an essential element of the offense charged, it could not be contested through a pretrial motion.

**{¶14}** In his appellate brief, Mr. Graham asserts that, although he pleaded no contest, he was "preserving his right to appeal the trial court's finding and decision on his motion to dismiss the indictment." He has not cited us to any place in the record or any legal authority to support this assertion. *See* App.R. 16(A)(7). Further, he has not provided this Court with the transcript from his change of plea hearing; thus, we must presume the regularity of those proceedings. *See State v. Wheeler*, 9th Dist. Medina No. 13CA0051-M, 2016-Ohio-245, ¶ 4. *Contrast Echard* at

¶ 8 (wherein the record reflected that the prosecutor, defense counsel, and trial court agreed that the defendant was pleading no contest to preserve issue for appeal).

**{¶15}** Finally, the effect of Mr. Graham's no contest plea was "an admission of the truth of the facts alleged in the indictment * * *." Crim.R. 11(B)(2). The indictment alleged, inter alia, that Mr. Graham "was previously convicted of or pleaded guilty to a violation of Section 2919.27 of the Ohio Revised Code in Medina Municipal Court Case No. 15CRB01402." By pleading no contest, Mr. Graham admitted that allegation was true. Consequently, he cannot now argue that he had not been previously convicted at the time of the current offense. "By only asserting his challenge in a pretrial motion and pleading no contest when his motion was denied, [Mr. Graham] failed to preserve [his] argument[ ] for appeal." *See Patterson*, 2009-Ohio-6953, at ¶ 12.

**{¶16}** On this basis, Mr. Graham's assignment of error is overruled.

III.

**{¶17}** Mr. Graham's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL J. ASH, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and JAMES M. PRICE, Assistant Prosecuting Attorney, for Appellee.