[Cite as *State v. Henderson*, 2018-Ohio-1565.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011142 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARTIN HENDERSON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 16CR094453 |

DECISION AND JOURNAL ENTRY

Dated: April 23, 2018

CALLAHAN, Judge.

{¶1} Appellant, the State of Ohio, appeals from a journal entry of the Lorain County Common Pleas Court. This Court dismisses the appeal.

I.

{¶2} This appeal arises from a three-count indictment against Martin Henderson. In Count 1, Mr. Henderson was charged with operating a vehicle while under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a), a third-degree felony. In Count 2, he was charged with OVI in violation of R.C. 4511.19(A)(2), a third-degree felony. In Count 3, Mr. Henderson was charged with driving under suspension in violation of R.C. 4510.11(A), a first-degree misdemeanor. Both OVI counts included repeat OVI offender specifications alleging that Mr. Henderson had been convicted of or pleaded guilty to five or more equivalent offenses within twenty years. The five prior convictions were identified by date, court, and case number.

Four of the prior convictions were entered in municipal courts, and one was entered in the Lorain County Common Pleas Court.

{¶3}   Mr. Henderson moved to "Dismiss or Amend [the] Charges pursuant to R.C. 2937.04 [and] 2937.05."[1] (Emphasis deleted.) He challenged his Lorain County Common Pleas Court conviction, which was entered in case number 14CR089469. In that case, Mr. Henderson pleaded guilty to and was convicted of fifth-degree felony attempted OVI, rather than fourth-degree felony OVI as originally charged. Mr. Henderson argued that an attempted OVI is an "alcohol-related offense," not an OVI or equivalent offense, "as a matter of law." Thus, he contended that his prior conviction for attempted OVI could not be used to raise his OVI charges to the felony of the third-degree level or for the repeat OVI offender specifications in the current case.

{¶4}   The State responded in opposition, and the trial court held a hearing on the matter. Thereafter, the court issued a journal entry reviewing the pertinent facts and analyzing the law. The court concluded that Mr. Henderson's "[m]otion is well-taken and is hereby GRANTED." (Emphasis sic.) Although Mr. Henderson's motion was titled in the alternative, the court did not specify what relief was being granted.

{¶5}   The State filed a notice of appeal and raises one assignment of error.

II.

**<u>ASSIGNMENT OF ERROR</u>**

THE TRIAL COURT ERRED WHEN IT GRANTED [MR.] HENDERSON'S MOTION TO DISMISS OR AMEND INDICTMENT.

---

[1] R.C. 2937.04 and 2937.05 pertain to "affidavit[s] or complaint[s]." This Court does not pass on the propriety of filing a motion pursuant to those sections when a defendant has been charged by indictment, but we note that the parties and the court proceeded as if it was a properly filed motion.

{¶6}    In its sole assignment of error, the State argues that the trial court erred when it determined that an attempted OVI was not an equivalent offense under the OVI statutes. This Court is unable to reach the merits because we lack jurisdiction.

{¶7}    This Court's jurisdiction originates in the Ohio Constitution, which provides: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * ." Ohio Constitution, Article IV, Section 3(B)(2). In addition, the State has only a limited right to appeal in criminal cases. Under R.C. 2945.67(A),

> [a] prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * * .

{¶8}    Recognizing that there might be a jurisdictional problem, this Court requested the parties: (1) explain whether the trial court's entry "dismisse[d] 'all or any part of an indictment'" and (2) address whether the entry "sufficiently determine[d] the motion because it fail[ed] to specifically order the relief requested in that motion."

{¶9}    The State responded that "the trial court effectively dismissed the repeat OVI offender specifications in the indictment when it granted Mr. Henderson's [m]otion." Mr. Henderson contended that the State had filed its appeal "prematurely" and was required to seek leave to appeal. Both parties indicated that the court had sufficiently determined the motion. The State reasoned that the court's ruling "prevent[ed it] from using the felony attempted OVI conviction against [Mr. Henderson] to enhance the level of the indicted crimes as well as [to]

prove the repeat OVI offender specifications." Mr. Henderson stated that "[t]he crux of [his] motion" had been determined.

{¶10} The State "concede[d] that the trial court's decision [did] not specifically state whether it granted the [m]otion to [d]ismiss or the [m]otion to [a]mend." The State argued, however, that, regardless of what relief Mr. Henderson was granted, it could appeal as of right because the court either "[d]ismiss[ed] the charges" or "effectively dismisse[d] the repeat OVI offender specifications." Mr. Henderson also acknowledged that the trial court "did not impose a specific remedy." But, he contended that "the burden now rests with the State to decide how to comply." Neither party explained how an entry that fails to specify any relief could have determined a motion that requested relief in the alternative. *See Wenger v. Wenger*, 9th Dist. Wayne No. 05CA0057, 2006-Ohio-3330, ¶ 12, 15 (appellate court lacked jurisdiction where a party "was not specifically ordered to do anything, but was given three [] 'options'").

{¶11} This Court recognizes that the trial court analyzed the law and determined the merits of the legal issue[2] presented and that the State, therefore, would like us to review that legal determination immediately. *See id.* at ¶ 14 (acknowledging parties are "disappointed" when this Court is unable to reach the merits, but noting practical problem of addressing an "uncertain order"). Determination of a legal issue, however, is not the only requirement for a judgment, and thus, for this Court to have jurisdiction to review a matter.

{¶12} A judgment must be certain and "disclose how the matter was resolved." *Walker v. Walker*, 9th Dist. Summit No. 12978, 1987 Ohio App. LEXIS 8237, *7 (Aug. 5, 1987). It must

---

[2] Whether a conviction for attempted OVI qualifies as a prior conviction for purposes of an OVI penalty enhancement and/or an equivalent offense under R.C. 4511.181 are purely legal issues and matters of statutory interpretation that are "*capable of determination* without the trial of the general issue." (Emphasis added.) *See* Crim.R. 12(C).

"provide sufficient information to enable the parties to understand the outcome." *Id.* at 5. "If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court." *Id.*

{¶13} In the present case, the trial court's blanket conclusion that Mr. Henderson's motion was "GRANTED" is too indefinite for the parties or this Court to determine how it resolved the matter. (Emphasis sic.) In fact, when this Court sought further clarification at oral argument, the State[3] reiterated that "the court just granted the motion" but "didn't indicate one way or the other what it was doing." When pressed as to "the status of the trial court," the State responded that they were "just waiting for resolution on the appeal."

{¶14} Mr. Henderson is, at least in part, responsible for the confusion as to what a grant of his motion might mean. He titled his motion in the alternative as a "Motion to Dismiss or Amend Charges pursuant to R.C. 2937.04 [and] R.C. 2937.05." (Emphasis deleted.) But, in the first sentence, he changes the "or" to "and/or" stating that he was moving the court "to 'dismiss' and/or to 'amend' his criminal charges." Thus, it was unclear if he was simply arguing in the alternative (for dismissal or amendment) or if he was arguing that these forms of relief could be imposed in conjunction with each other. At this point, he refers to "his criminal charges" in the plural, and, later, he "asks that the indictment be amended or dismissed." These statements imply that he is requesting relief with respect to the entire indictment, which consisted of three counts. However, at other points in his motion, he refers to "charge" in the singular, implying that his

---

[3] Mr. Henderson did not file an appellate brief and was not present at oral arguments. *See* Loc.R. 8(A).

motion only pertains to one of the counts. Mr. Henderson's references to his "current F3 level OVI offense," his "current OVI charge," his "current F3 OVI charge [and] specification," and his "2016 OVI charge" fail to provide clarification, as these references are in the singular while Mr. Henderson was facing two counts of OVI, both of which were third-degree felonies and included specifications. Finally, although Mr. Henderson argued that his prior felony conviction for attempted OVI could not be used to support the current offense level or specification, he concludes by asserting that "[his] charge should be reduced to a misdemeanor and/or the felony charge should be dismissed" without any reference to an associated specification.

{¶15} Given the wording of Mr. Henderson's motion, there were numerous alternatives presented, including, but not necessarily limited to, dismissal or amendment of a count, a specification, or the entire indictment. Although the trial court stated that it granted Mr. Henderson's motion, it did not decide which of the possible alternatives for relief it was granting. The different alternatives have different ramifications for the parties and for this Court's review. The trial court has not yet sufficiently determined the motion as it has not ordered any relief.

{¶16} Consequently, this Court lacks jurisdiction and cannot address the merits of the State's assignment of error at this time.

III.

{¶17} This Court dismisses this appeal for lack of jurisdiction.

Appeal dismissed.

―――――

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CONCURS.

SCHAFER, J.
DISSENTING.

{¶18} I respectfully dissent from the majority's resolution. Mr. Henderson's motion to dismiss or amend the indictment asserted that the State is "unable to produce the requisite 'prior' OVI conviction" to support enhancing the degree of the offenses to charge as felonies of the third degree. He also argued that the prior convictions could not support the specifications to counts one and two. Specifically, he argued that his prior felony conviction for an attempted OVI "is not an OVI conviction" and does not qualify as an "equivalent offense" as defined in R.C. 4511.181.

{¶19} The trial court's journal entry ruling on the motion included a conclusory finding that Mr. Henderson's prior conviction for attempted OVI "is not an equivalent offense for enhancement purposes, as mandated by [R.C. 2941.1413]" and further concluded the attempted

OVI conviction "will not act as an enhancement in the case at bar." In granting the motion, the trial court did not specify the nature of the relief being granted, nor did it order any further action regarding the indictment. I agree with the majority that the lack of specificity, both in Mr. Henderson's motion and the trial court's order, is problematic. Nonetheless, I find that a more fundamental issue exists with the trial court's granting of Mr. Henderson's motion.

{¶20} A pretrial motion to dismiss "tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either [the State] or the defendant." (Alterations sic.) *State v. Johnson*, 9th Dist. Summit No. 27558, 2015-Ohio-3449, ¶ 13, quoting *City of Akron v. Buzek*, 9th Dist. Summit No. 20728, 2002-Ohio-1960, *3-4. When a defendant in a criminal action moves for dismissal on a basis that goes beyond the face of the indictment, it is essentially a motion for summary judgment. *State v. Delaney*, 9th Dist. Lorain Nos. 07CA009188, 07CA009189, 07CA009190, 2008-Ohio-1879, ¶ 6. "The Ohio Rules of Criminal Procedure [] do not allow for 'summary judgment' on an indictment prior to trial" and, "[w]ere we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." *State v. Varner*, 81 Ohio App.3d 85, 86 (9th Dist.1991).

{¶21} Neither the arguments in Mr. Henderson's motion, nor the trial court's findings in its order granting the motion, assert that the indictment was invalid on its face. *See Johnson*, at ¶ 14. Rather, Mr. Henderson's arguments, that his prior convictions could not support the degree of the offenses charged in counts one and two or sustain a finding against Mr. Henderson as to the specifications contained in those counts, called upon the trial court to go beyond the face of the indictment "to determine the sufficiency of the evidence supporting the [indictment] instead of the sufficiency of the [indictment] itself." *State v. Zuravel*, 9th Dist. Summit No. 28217,

2017-Ohio-1540, ¶ 10. In considering a pretrial motion to dismiss, "[e]vidence beyond the face of the indictment may be considered only if the matter does 'not require a determination of the general issue for trial.'" *State v. Graham*, 9th Dist. Medina No. 16CA0028-M, 2016-Ohio-8503, ¶ 11, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 18.

{¶22} "'[W]hen a prior conviction is an essential element of an offense that the State must prove at trial, a challenge to the sufficiency of that prior conviction is an issue that is not "capable of determination without the trial of the general issue."'" *Id*., quoting *State v. Patterson*, 9th Dist. Medina No. 09CA0014-M, 2009-Ohio-6953, ¶ 9, quoting *State v. Echard*, 9th Dist. Summit No. 24643, 2009-Ohio-6616, ¶ 7, quoting Crim.R. 12(C). "A prior conviction is an essential element of the offense that the State must prove" where, as is the case here, "the existence of that prior conviction elevates the degree of the offense." *Id*. at ¶ 12, citing *State v. Allen*, 29 Ohio St.3d 53, 54, (1987). "[Mr. Henderson's] motion placed the question of whether he could be convicted of a felony of the third degree squarely at issue." *Echard* at ¶ 7. Accordingly, the motion was not "capable of determination without the trial of the general issue[.]" *Id.*, citing Crim.R. 12(C).

{¶23} In granting the motion the trial court went beyond the face of the indictment to consider evidence and determine the sufficiency of a prior conviction to elevate the degree of two of the offenses with which Mr. Henderson is currently charged. Because the existence of the prior conviction is an essential element of the offense, the matter is not capable of determination without trial of the general issue. Therefore, I would conclude that the trial court erred when it granted Mr. Henderson's motion to dismiss or amend indictment on the basis presented.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

ANTHONY BAKER, Attorney at Law, for Appellee.